# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00369-CR
## NO. 03-02-00370-CR

**Kendrick Lofton, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NOS. B-00-0502-S & B-99-0683-S, HONORABLE RAE LEIFESTE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Kendrick Lofton was placed on community supervision following convictions for unauthorized use of a vehicle and forgery. Tex. Pen. Code Ann. ' 31.07 (West 1994), ' 32.21 (West Supp. 2003). He now appeals from orders revoking supervision and imposing sentence.

Appellant=s court-appointed attorney filed a brief concluding that the appeals are frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant also filed a pro se brief in which he urges that the evidence does not support the finding that he violated the conditions of supervision.

The court found that appellant failed to comply with the condition of supervision ordering him to report to the Tom Green County Jail on June 17, 2001, from where he would be transported to the Lubbock County Community Corrections Facility, where he was to reside from June 21, 2001, until discharged. A State witness testified that there was no record of appellant reporting to the Tom Green County Jail as ordered. Appellant testified that he reported to the jail on June 17, but was turned away. He testified that he did not attempt to report to the Lubbock County facility because he did not know where it was located.

At a revocation hearing, the State must prove the alleged violations by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We review the evidence in the light most favorable to the court=s finding to determine if the court abused its discretion by revoking community supervision. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). As the trier of

fact at the hearing, the district court was free to resolve the conflicting testimony in the State=s favor.  No abuse of discretion is shown.

We have reviewed the record and briefs and find nothing that might arguably support the appeals.  Counsel's motions to withdraw are granted and the orders revoking community supervision are affirmed.


Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   February 6, 2002

Do Not Publish