NO. 07-03-0286-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 20, 2004

_____


JIMMY WASHINGTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13049-9806; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following his plea of not true, the trial court heard evidence that appellant Jimmy

Washington had violated several conditions of his community supervision, which had been

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

granted upon his conviction for burglary of a habitation. Finding that the State's allegations were supported by the evidence, appellant's community supervision was revoked and punishment was assessed at five years confinement and a $1,000 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

A review of the record establishes that appellant was convicted of burglary of a habitation in 1998 and placed on community supervision for five years. On February 21, 2002, the State filed a motion to revoke alleging appellant had violated the following

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

conditions of his community supervision: (1) failed to report; (2) failed to report a change of address or change of employment within 48 hours; (3) failed to pay restitution and community supervision fees; and (4) did not refrain from use of alcohol or controlled substances.

At the hearing on the State's motion appellant's community supervision officer testified that he failed to report as required in Hale County for the months of May, June, and October 1999, and June, July, and August 2000. After his community supervision was transferred to Taylor County, he also failed to report there, and by mail in Hale County for the months of September, October, November, and December 2001, and January and February 2002. Testimony was also presented that appellant did not report a change of address after moving from Abilene, and at the time the State's motion was filed, his whereabouts were unknown. Appellant was also delinquent in community supervision fees and on September 27, 2001, his urine specimen contained cocaine.

During his testimony appellant admitted he had not reported to his community supervision officer in Hale County. He claimed, however, that he contacted the community supervision office in Taylor County regarding his transfer and was informed that there was no paperwork or file on him. He never received a letter regarding his transfer and made no further attempts to contact the office. He acknowledged living in Abilene for six or seven months and then moving to El Paso, where he was arrested twice.

3

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient ground for revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). The evidence presented supports the State's allegations; thus, the trial court did not abuse its discretion in revoking appellant's community supervision.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no non-frivolous issues and agree with counsel that the appeal is without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4