COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                                 NOS.    2-04-171-CR
2-04-172-CR
2-04-173-CR
  
  
BRIAN 
A. WOODS                                                                 APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION [1]
 
------------
        Appellant 
Brian A. Woods appeals the revocation of his probation in cause numbers 0793013, 
0842364, and 082487 in the 396th District Court of Tarrant County, Texas. 
Appellant was placed on felony probation [2] for ten years in each 
of three separate cases in which he was charged with incidents of assault 
causing bodily injury to a family member. Each case alleged a prior conviction 
for assault with bodily injury against a family member. The State filed motions 
to revoke Appellant’s probation in all three cases, and after a combined 
hearing the trial court found that Appellant violated the terms and conditions 
of probation and ordered the probation revoked in each case. The trial court 
sentenced Appellant to ten years’ confinement in each case and he appeals. [3]
ANDERS BRIEF
        Appellant’s 
counsel has filed a motion to withdraw as counsel. The brief supporting the 
motion states counsel’s opinion that the three appeals of the revocation of 
probation orders are frivolous as that term has been described in Anders v. 
California, 386 U.S. 738, 87 S. Ct. 1396 (1967). We agree and will affirm 
the trial court’s judgments in all three cases.
        Counsel’s 
brief and motion meet the requirements of Anders by presenting a 
professional evaluation of the record demonstrating why there are no reversible 
grounds on appeal and referencing any grounds that might arguably support the 
appeal. See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 
1995, no pet.). Both the brief that counsel filed in support of his motion to 
withdraw and notification from this court have provided Appellant the 
opportunity to file a pro se brief, but he has not done so. Our duties as a 
reviewing court require us to conduct an independent evaluation of the record to 
determine whether counsel is correct in determining that the appeal is 
frivolous. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 
1991); Mays, 904 S.W.2d at 923. Only then may we grant counsel’s motion 
to withdraw. See Penson v. Ohio, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 
(1988).
BACKGROUND
Cause Number 0793013D
        On 
January 31, 2002, Appellant pled guilty to assault causing bodily injury to a 
family member, prior conviction. The offense was alleged to have occurred on 
June 12, 2000. Pursuant to a plea bargain agreement, Appellant’s guilt was not 
adjudicated and he was placed on deferred adjudication probation for five years. 
On September 6, 2002, Appellant pled true to the allegations in the State’s 
petition to proceed to adjudication. The trial court adjudicated Appellant’s 
guilt and assessed punishment at ten years’ confinement. On January 31, 2003, 
the trial court suspended further execution of Appellant’s sentence and he was 
given “shock probation.” [4] The term of his probation was ten 
years. On April 5, 2004, the trial court revoked Appellant’s probation and 
sentenced him to ten years’ confinement.
Cause Number 0842364D
        On 
September 6, 2002, Appellant pled guilty to assault causing bodily injury to a 
family member, prior conviction. The offense was alleged to have occurred on 
March 30, 2002. Pursuant to a plea bargain agreement, the trial court sentenced 
Appellant to ten years’ confinement. On January 31, 2003, the trial court 
suspended further execution of Appellant’s sentence and he was given “shock 
probation.” The term of his probation was ten years. On April 5, 2004, the 
trial court revoked Appellant’s probation and sentenced him to ten years’ 
confinement.
Cause Number 0842487D
        On 
September 6, 2002, Appellant pled guilty to assault causing bodily injury to a 
family member, prior conviction. The offense was alleged to have occurred on 
April 18, 2002. Pursuant to a plea bargain agreement, the trial court sentenced 
Appellant to ten years’ confinement. On January 31, 2003, the trial court 
suspended further execution of Appellant’s sentence and he was given “shock 
probation.” The term of his probation was ten years. On April 5, 2004, the 
trial court revoked Appellant’s probation and sentenced him to ten years’ 
confinement.
Probation Revocation Hearing
        The 
trial court held a combined hearing on the State’s first amended petitions to 
revoke Appellant’s probation in all three cases. Appellant entered pleas of 
not true to all allegations in the State’s first amended petitions to revoke 
his probation, and the trial court held a hearing that lasted two days. In each 
case, the trial court found nine of the alleged probation violations to be true 
and entered an order revoking Appellant’s probation and sentencing him to 
confinement of ten years; the sentences were ordered to be served concurrently.
        The 
trial judge specifically found that Appellant violated the terms and condition 
of probation by: committing a new offense of aggravated assault with a knife; 
committing two separate offenses of assault causing bodily injury to a family 
member; failing to report to the probation offices of Hood and Tarrant Counties; 
failing to notify probation officials of his address change; and failing to pay 
certain court-ordered fees.
STANDARD OF REVIEW
        We 
review an order revoking probation under an abuse of discretion standard. Cardona 
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State, 
645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the 
State must prove by a preponderance of the evidence that the defendant violated 
the terms and conditions of probation. Cobb v. State, 851 S.W.2d 871, 873 
(Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of 
the witnesses and the weight to be given their testimony, and we review the 
evidence in the light most favorable to the trial court’s ruling. Cardona, 
665 S.W.2d at 493. If the State fails to meet its burden of proof, the trial 
court abuses its discretion in revoking the probation. Id. at 493-94.
DISCUSSION
        The 
trial court had jurisdiction over these cases. See Tex. Code Crim. Proc. Ann. arts. 4.05, 
42.12, §10(a) (Vernon 2005 & Supp. 2004-05). Our review of the underlying 
indictments shows them not to be defective and each indictment sets forth in 
legally sufficient language an offense against the laws of the state of Texas. See 
Tex. Penal Code Ann. § 
22.01(a)(1), (b)(2) (Vernon Supp. 2004-05 ). The enhancement allegations are 
adequately contained in the indictments and the indictments properly confer 
jurisdiction on the trial court. The petitions to revoke Appellant’s probation 
provided Appellant with sufficient notice. See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). Appellant was 
represented by counsel at the hearings concerning his original pleas of guilty 
to the charges in each indictment and at the combined hearing involving 
revocation of his probation. None of the objections raised by counsel at the 
revocation hearing and ruled on by the trial court present error that would be 
reversible on appeal. Our review of the evidence of the revocation hearing 
reveals legally sufficient evidence to support the trial court’s findings that 
Appellant violated the terms and conditions of his probation in the manner 
recited by the trial court. There is no evidence in the record indicating that 
Appellant’s counsel did not provide constitutionally required effective 
assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687, 
104 S. Ct. 2052, 2064 (1984). The sentences imposed were within the range 
provided by law for the underlying offenses, [5] and did not 
exceed the terms of probation previously ordered.
CONCLUSION
        Because 
our independent review of the record reveals no reversible error, we agree with 
the determination of Appellant’s counsel that the appeals of these three cases 
are frivolous. Accordingly, we grant counsel’s motion to withdraw and we 
affirm the trial court’s judgments in each case.
    
                                                                  PER 
CURIAM
 
 
 
PANEL 
F: HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 26, 2005

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
We will use the term “probation” in this opinion because that is what is 
used in the majority of the trial court’s documents. We note that the code of 
criminal procedure refers to suspension of a defendant’s sentence as 
“community supervision.” See generally Tex. Code Crim. Proc. Ann. art. 42.12 
(Vernon Supp. 2004-05).
3. 
See Tex. Code Crim. Proc. Ann. 
art. 42.12, §23(b) (Vernon Supp. 2004-05).
4. 
See Tex. Code Crim. Proc. Ann. 
art. 42.12, § 6 (Vernon Supp. 2004-05).
5. 
See Tex. Penal Code Ann. § 
22.01(b)(2)(assault causing bodily injury is third degree felony if committed 
against a member of defendant’s family and it is shown that defendant has been 
previously convicted of an offense against a member of defendant’s family or 
household); id. § 12.34 (punishment range for third degree felony is two 
to ten years, and a fine not to exceed $10,000).