IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00140-CV

 

Darrell Todd Gibson,

                                                                      Appellant

 v.

 

Alan Wood, II, Barbara E. Wood,

and Maureen Steiner,

                                                                      Appellees

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2005-3498-4

 



MEMORANDUM  Opinion



 








          The Clerk of this Court notified the parties that the appellant’s
brief was overdue in this cause and that the appeal would be dismissed if an
appropriate response was not filed within twenty-one days.  Appellant has not
filed a response showing grounds for continuing the appeal.  Accordingly, the
appeal is dismissed for want of prosecution.  See Tex. R. App. P. 38.8(a)(1), 42.3.

                                                                   PER
CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 29, 2006

[CV06]






State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The State has the
burden of showing by a preponderance of the evidence that the defendant violated
the terms and conditions of community supervision.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony,
and we review the evidence in the light most favorable to the trial court's
ruling.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

            In the motion to revoke, the
State alleged that Holman violated the condition of his community supervision
that he “commit no offense against the laws of this State or of any other State
or of the United States.”  The State specifically alleged that Holman was
“convicted of the offense of Prohibited Weapons in Cause No. M200800517 in
Johnson County” on or about March 10, 2009.  At the hearing, the State admitted
without objection Holman’s judgment of conviction in Cause No. M200800517 for
the offense of possession of a prohibited weapon and also the indictment
alleging that the offense occurred on or about March 11, 2008.  Further, Holman
testified at the hearing on the motion to revoke and admitted to his conviction
for the offense of possession of a prohibited weapon.

The trial court did not abuse its
discretion in finding that Holman violated the terms and conditions of his
community supervision.  Because one ground for revocation, if proven, is
sufficient to revoke a defendant's community supervision, we need not discuss
Holman’s remaining complaints.  Bersuch v. State, 304 S.W.3d 547, 548
(Tex. App.—Waco 2009, pet. ref’d).  We overrule Holman’s sole issue on appeal.

            We affirm the trial court’s
judgment.

 

AL SCOGGINS

                                                                        Justice

 

Before Chief Justice Gray,

            Justice Davis, and

            Justice Scoggins

Affirmed

Opinion
delivered and filed February 16, 2011

Do
not publish

[CR25]