

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-030-CR

ROGER MILTON                                                     APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Pursuant to a plea bargain agreement, Appellant Roger Milton pleaded guilty to the offense of assault causing bodily injury to a family member with a prior conviction and was placed on five years' community supervision. The State later filed a motion to revoke Appellant's community supervision and an amended motion a few days later. The amended motion alleged that Appellant

---

[1] *See* TEX. R. APP. P. 47.4.

had failed to report and failed to pay court costs, supervision fees, a fine, and attorney's fees. After Appellant pleaded true to the allegation that he did not report to the community supervision office, the trial court revoked Appellant's community supervision and sentenced him to four years' confinement.

## *Anders* Brief

Appellant's counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Both the brief that counsel filed in support of his motion to withdraw and notification from this court have provided Appellant the opportunity to file a pro se brief, but he has not done so. Once Appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must then review the record to make an independent determination of whether there is any arguable ground that may be raised on Appellant's behalf. *Id.* at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351 (1988).

2

**Factual and Procedural History**

On August 15, 2006, Appellant pleaded guilty to the offense of assault causing bodily injury to a family member, with a prior conviction alleged to have occurred on April 23, 2006. Pursuant to a plea bargain agreement, Appellant was sentenced to four years' confinement, which was suspended, and he was given five years' community supervision and a $400 fine.

On January 12, 2007, the trial court held a hearing on the State's first amended petition to revoke Appellant's community supervision. In its first amended petition, the State alleged that Appellant had (1) failed to report to the community supervision office and (2) failed to pay court costs, supervision fees, a fine, and attorney's fees. Appellant pleaded true to the first paragraph, that he failed to report to community supervision, and the State waived the second paragraph, that he failed to pay costs and a fine. After hearing testimony, the trial court accepted Appellant's plea of true to the first paragraph, revoked Appellant's community supervision, and sentenced him to four years' confinement.

**Standard of Review**

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a

3

revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona,* 665 S.W.2d at 493. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Id.* at 493-94.

## Discussion

Our review of the record reveals no jurisdictional defects. The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charges against him. *See* TEX. CONST. art. V, § 12(b); TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005); *Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997)*.* Further, the enhancement allegation is adequately contained in the indictment.

The petition to revoke Appellant's community supervision provided Appellant with sufficient notice. *See* TEX. CONST. art. V, § 12; *Duron*, 956 S.W.2d at 550–51. Appellant was represented by counsel at the hearing concerning his original plea of guilty to the charge and at the hearing involving revocation of his community supervision. Our review of the evidence of the

4

revocation hearing reveals legally sufficient evidence to support the trial court's finding that Appellant violated the terms and conditions of his community supervision in the manner recited by the trial court. There is no evidence in the record indicating that Appellant's counsel did not provide constitutionally required effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Further, the sentence imposed was within the range provided by law for the underlying offense. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(2) (Vernon Supp. 2007) (assault causing bodily injury is third degree felony if committed against a member of defendant's family and it is shown that defendant has been previously convicted of an offense against a member of defendant's family or household), *id.* 12.34 (Vernon 2003) (punishment range for third degree felony is two to ten years, and a fine not to exceed $10,000). Additionally, Appellant's sentence did not exceed the terms of community supervision previously ordered.

**Conclusion**

Because our independent review of the record reveals no reversible error, we agree with the determination of Appellant's counsel that this appeal is frivolous. Accordingly, we grant counsel's motion to withdraw and we affirm the trial court's judgment.

PER CURIAM

PANEL F:   MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 22, 2008