

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-213-CR**

ERIC STEVEN ROUTT                                                   APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Eric Steven Routt was convicted in cause number CR-2003-06264-B of indecent exposure, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 21.08 (Vernon 2007). His sentence of 180 days in the Denton County

---

[1] *See* TEX. R. APP. P. 47.4.

Jail and fine of $100 was probated to community supervision for twenty-four months. His appeal of the conviction was affirmed by this court.[2]

On February 26, 2007, the State filed a motion to revoke Routt's probation, alleging that Routt had failed to "(C) Report to the Denton County Community Supervision and Corrections Department on the 2nd day of Nov., 2005, by 4:00 P.M., and before the 20th day of each month thereafter during the period of this community supervision" and "(D) Pay to the Community Supervision and Corrections Department of Denton County, Texas, a supervision fee in the amount of $50.00 on or before the 20th day of each month during the period of this Community Supervision." Additionally, the State also alleged that Routt failed to

> (H) Pay the fine in the amount of $100 and court costs and fees in the amount of $303.00 to the Denton County Clerk, in installments of $25.00 per month, beginning on or before the 1st day of December, 2005 and a like payment on the same day of each month thereafter until paid.
>
> . . . .
>
> (10) Within 10 days submit to an evaluation for sexual deviancy through an agency approved by [his] Supervision Officer and provide written proof of completion to [his] Supervision Officer within 30 days; if treatment is deemed necessary, comply with the rules of the agency, and pay all costs incurred; continue in

---

[2] ⌷ *Routt v. State*, No. 02-04-00304-CR, 2005 WL 1838850 (Tex. App.—Fort Worth 2005, no pet.).

2

treatment until successfully completed as determined by [his] Supervision Officer.

On May 7, 2007, in its First Amended Motion to Revoke, the State also alleged that Routt had failed to "(E)  Permit the Supervision Officer to visit [him] at [his] residence or elsewhere, and notify [his] supervision officer of any change of address or employment within five days after such change."

Routt entered a plea of "true" to (D) and (H) and "not true" to (C), (E), and (10).  A contested hearing on June 6, 2007, resulted in a determination by the trial court that Routt had violated terms (C), (D), (E), and (10) of his community supervision.   The trial court sentenced him to 180 days' confinement in the Denton County Jail.  This appeal resulted.

## II.  *Anders* Brief

Routt's counsel has filed an *Anders* brief, seeking to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  In the brief, counsel asserts that, in his professional opinion, an appeal would be frivolous and presents a professional evaluation of the record explaining why no arguable grounds for relief exist.  *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  Routt has been afforded an opportunity to file a pro se brief on his behalf and has been provided with his counsel's *Anders* brief and notification by this court.  No brief from Routt has been forthcoming.

3

This court must conduct an independent evaluation of the record to determine if any arguable ground may be raised on Routt's behalf. *Id.* at 511; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court is then required to determine whether counsel is correct in determining that the appeal is frivolous. If so, we may then grant the motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351 (1998)*; Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923.

### III.  Standard of Review

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona,* 665 S.W.2d at 493. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Id.* at 493–94.

4

## IV. Discussion

Our review of the record reveals no jurisdictional defects. The indictment conferred jurisdiction on the trial court and provided Routt with sufficient notice of the charges against him. *See* TEX. CONST. art. V, § 12(b); TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005); *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997)*.* The motion to revoke Routt's community supervision provided Routt with sufficient notice. *See* TEX. CONST. art. V, § 12; *Duron*, 956 S.W.2d at 550–51.

Routt was represented by counsel at the hearing concerning his original plea of guilty to the charge and at the hearing involving revocation of his community supervision. There is no evidence in the record indicating that Routt's counsel did not provide constitutionally required effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Further, the sentence imposed was within the range provided by law for the underlying offense. *See* TEX. PENAL CODE ANN. § 21.08 (indecent exposure is a Class B misdemeanor); *id*. § 12.22(2) ("An individual adjudged guilty of a Class B misdemeanor shall be punished by confinement in jail for a term not to exceed 180 days."). Additionally, Routt's sentence did not exceed the terms of community supervision previously ordered.

5

The testimonial evidence adduced at the hearing through Indira Polanco, one of Routt's probation officers; through Don Christian, an assistant director with Denton County Adult Probation; and through Routt himself demonstrated that Routt had failed to submit to any evaluation for sexual deviancy, had failed to report to the Denton County Community Supervision office in November 2006 and February 2007, had not timely paid fines and court costs (Routt only paid  after the Motion to Revoke had been filed), and had never, even during the contested case hearing, revealed his home address as required.[3]  The evidence presented was legally sufficient for the State to meet the required burden of proof.

---

[3] At the conclusion of the hearing, the trial court noted that it was particularly offended by Routt's failure to report on several occasions and by his failure to comply with the sexual deviancy evaluation.

## V. Conclusion

Because our independent review of the record reveals no reversible error, we agree with the determination of Routt's counsel that this appeal is frivolous. Accordingly, we grant counsel's motion to withdraw and we affirm the trial court's judgment.

PER CURIAM

PANEL F: MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: July 31, 2008