COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-08-040-CR

 

 

BRIDGET RENEE LEITAO A/K/A                                              APPELLANT

BRIDGET R. LEITAO

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Bridget Renee Leitao appeals from her
adjudication of guilt and twelve-year sentence for assaulting a police officer
with a knife.  In two points, she argues
that the trial court erred (1) by finding Atrue@ to the
allegations in the State=s petition to proceed to
adjudication and (2) by admitting a methamphetamine recipe into evidence at the
adjudication hearing over her hearsay objection.  We affirm.

                                            Background

In April 2007, Appellant pleaded guilty to having
assaulted a public servant with a knife in May 2006, and the trial court placed
her on deferred adjudication community supervision.  The State filed a petition to proceed to
adjudication in September 2007, alleging that Appellant had caused serious
bodily injury to and attempted to murder Amy Mattis by cutting or stabbing her
with a knife in violation of the terms of her deferred adjudication community
supervision.  Appellant pleaded Anot true@ to the
allegations. 








Two witnesses testified at the adjudication
hearing: Mattis, the complainant in the knifing allegation; and Mattis=s
treating physician, Dr. Fernando Garcia. 
Mattis testified that she and Appellant had had an Aintimate
relationship@ for several years.  Mattis said that when she told Appellant that
she wanted to break up with her and started to move her possessions out of
their shared apartment, Appellant tried to kill herself with a kitchen
knife.  Mattis testified that she tried
to stop Appellant from killing herself and was Ascraped@ with
the knife in the neck and stomach.  Under
questioning by the State, Mattis admitted that she had told a 911 operator at
the time of the incident that Appellant had stabbed her and that she was
bleeding profusely and afraid she was going to die.  She further admitted that at the hospital,
she told a detective that Appellant said that if Mattis left her, she would
kill Mattis and herself.  Under
questioning by defense counsel, Mattis reiterated that Appellant was trying to
kill herself and had attempted suicide several times before and that Mattis was
injured when she tried to take the knife away from Appellant. 

Dr. Garcia testified that Mattis=s wounds
were more than superficial scratches and were consistent with stab wounds.  He said that Mattis=s neck
wound was close to the carotid artery and deep enough to make him suspect an
esophageal or tracheal injury.  Dr.
Garcia testified that Mattis=s
injuries, based on his experience with knife wounds, were more consistent with
intentional injuries than accidental injuries.  


The court found the serious bodily injury
allegation in the State=s petition to be Atrue@ and
adjudicated Appellant guilty of the May 2006 aggravated assault on a public
servant.








At the punishment phase of the hearing, Fort
Worth Police Officer Justin Stroud testified that on May 25, 2006, he responded
to a domestic disturbance call at Appellant=s
apartment.  When he entered the
apartment, Appellant attacked him with a Abutterfly@ knife,
and he shot her.  Among the exhibits
offered by the State was a seven-page, handwritten recipe for manufacturing
methamphetamine found during a search of Appellant=s
apartment after the May 2006 assault. 
Appellant objected to the document as hearsay.  The trial court overruled her objection and
admitted the exhibit into evidence. 

The trial court assessed punishment at twelve
years=
confinement, and Appellant filed this appeal.

                                         Legal
Sufficiency

In her first point, Appellant challenges the
legal sufficiency of the evidence to support the trial court=s
finding of Atrue@ to the
State=s
allegation that she violated the terms of her deferred adjudication community
supervision by causing serious bodily injury to Mattis.








Appellate review of the decision to adjudicate guilt is Ain the same manner@ as review of the
revocation of community supervision. 
Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon
Supp. 2008).  Appellate review of a
community supervision revocation is limited to determining whether the trial
court abused its discretion, and we examine the evidence in the light most
favorable to the trial court=s findings.  See Cardona v. State, 665 S.W.2d 492,
493B94 (Tex. Crim. App.
1984).  The State must prove by a
preponderance of the evidence that appellant violated the conditions of
community supervision.  Cobb v. State,
851 S.W.2d 871, 874 (Tex. Crim. App. 1993). 
The trial judge is the sole trier of facts and determines the credibility
of the witnesses and the weight to be given to the testimony.  See Lee v. State, 952 S.W.2d 894, 897
(Tex. App.CDallas 1997, no pet.).

Here, Appellant=s conditions of community
supervision required that she commit no crime against the laws of Texas.  The State alleged that she violated that
condition by causing serious bodily injury to Mattis.  Although Mattis testified at the revocation
hearing that Appellant was attempting to kill herself, not Mattis, and that the
knife merely Ascraped@ her as she
attempted to take it away from Appellant, she also admitted that she had told
the 911 operator that Appellant had stabbed her and that she had told a
detective that Appellant said she intended to kill not only herself but Mattis
as well.  Although Mattis=s trial testimony
conflicted with her earlier statements, the trial court was free to disbelieve
her trial recantation.  See Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (holding factfinder
free to disbelieve complainant=s trial
recantation of earlier statements and that earlier statements were legally
sufficient to support guilty verdict). 
Dr. Garcia=s testimony supports the conclusion that
Mattis=s wounds were the
result of an intentional stabbing, not an accidental Ascraping.@  








Viewing the evidence in the light most favorable to the
trial court=s decision and measuring it against the
preponderance of the evidence standard, we hold that the trial court did not
abuse its discretion by finding true to the State=s allegation that
Appellant caused serious bodily injury to Mattis by stabbing her with a
knife.  See Cobb, 851 S.W.2d at
874; Cardona, 665 S.W.2d at 493B94.  We overrule Appellant=s first point.

                          Admission
of Methamphetamine Recipe

In her second point, Appellant argues that the
trial court erred by admitting into evidence the handwritten methamphetamine
recipe over her hearsay objection.  We
review a trial court=s evidentiary rulings under an
abuse of discretion standard.  See
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).  A trial court abuses its discretion when its
decision lies outside the zone of reasonable disagreement.  Casey v. State, 215 S.W.3d 870, 879
(Tex. Crim. App. 2007).








The State argues that Appellant waived this point
by failing to object to the exhibit Awhen the
witness described [it],@ citing United States v.
Wicks, 995 F.2d 964, 975 n.8 (10th Cir.), cert. denied, 510 U.S. 982
(1993).  In Wicks, the court held
that a methamphetamine recipe was not hearsay because it was not admitted for
the truth of the matter asserted, but it also stated in a footnote dictum
that  even if the recipe was hearsay, the
defendant failed to object when the sponsoring witness identified the document
as a methamphetamine recipe, thereby in effect setting forth the hearsay
contained in the document.  Id.  In our case, when asked to identify
several exhibits, the sponsoring witness stated that the document in question
was a Arecipe
for ice.@ The
State then offered the exhibits, and Appellant, after taking the witness on
voir dire, objected to the document in question as hearsay.  The trial court overruled her objection and
admitted the document. 

We hold that under the circumstances, Appellant
preserved her hearsay objection for review. 
The sponsoring witness=s
identification of the exhibit as a Arecipe
for ice@ is
somewhat ambiguous and does not convey the document=s actual
contents, namely, step-by-step detailed instructions for manufacturing
methamphetamine out of readily-available supplies.  Moreover, Appellant objected to the document
as hearsay almost immediately after the witness identified it.  We therefore decline to apply the Tenth Circuit=s
footnote dictum, and we hold that Appellant preserved her hearsay objection for
our review.








But we further hold that her hearsay objection
lacks merit.  AHearsay@ is an
out-of-court statement, including a written verbal expression, offered in
evidence to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  The Amatter
asserted@ by the
methamphetamine recipe is that one can manufacture methamphetamine by following
the steps set forth therein.  The State
did not offer the recipe to prove that one can manufacture methamphetamine by
following the steps but, presumably, to show that Appellant deserved a greater
punishment for possessing something that purported to be a methamphetamine
recipe.  Therefore, the recipe was not
offered in evidence to prove the truth of the matter asserted, and it is not
hearsay.  We hold that the trial court
did not abuse its discretion by overruling Appellant=s
hearsay objection, and we overrule her second point.

                                             Conclusion

Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 15, 2009











[1]See Tex. R. App. P. 47.4.