



★ ★ ★          ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00202-CR

Leisa **PHILLIPS**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 1996-CR-1222W
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:      Karen Angelini, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed: March 10, 2010

AFFIRMED

The trial court revoked Leisa Phillips's community supervision and adjudicated her guilt.

Phillips appeals the judgment, contending the State failed to use due diligence to secure her arrest.

We affirm the trial court's judgment.

## BACKGROUND

Phillips pled guilty on March 12, 1996, to a charge of possession of cocaine under one gram and was placed on deferred adjudication community supervision for a period of three years. On July 25, 2006, the State filed a motion to revoke Phillips's community supervision and to adjudicate her guilt, alleging Phillips had not reported to the probation office as required by the conditions of her supervision. The same day, the trial court ordered the clerk to issue a capias for Phillips's arrest. Phillips was not arrested until December 2008.

An evidentiary hearing on the motion to revoke was held February 23, 2009. Although the original motion alleged five violations of the conditions of community supervision, the State proceeded only on the allegation that Phillips failed to report to her supervision officer in the months of April, May, and June 1996. Phillips pled not true to the allegation. The State presented evidence through Raul Gonzalez, a Bexar County Adult Probation Officer, who testified Phillips never reported to her supervision officer after being placed on probation in March 1996. Gonzalez detailed the supervision officer's efforts to contact Phillips when she failed to report. Those efforts included sending a letter to the address Phillips had provided and making several calls to her relatives' telephone numbers. The letter was returned and the telephone numbers were no longer in service. The supervision officer spoke by phone to Phillips's husband, who claimed he did not know her whereabouts. Gonzalez testified these efforts were made before the motion to revoke was filed in July 1996 and before the capias was issued.

Phillips testified she moved to Nixon, Texas, shortly after being placed on deferred adjudication. She thought her supervision would be transferred to that city. She admitted she never reported to her supervision officer, claiming her husband was very controlling and would not allow

her to report. She denied ever living at the address used by the probation officer, but admitted the address written on a form in the probation records appeared to be in her handwriting.

At the conclusion of the hearing, the trial court granted the State's motion to revoke community supervision and adjudicated Phillips guilty. The court later sentenced Phillips to 180 days in the state jail facility.

## DISCUSSION

Phillips argues the trial court abused its discretion in revoking her community supervision because the State failed to prove it attempted to contact her in person at her last known residence or place of employment as required by article 42.12, section 24, of the Texas Code of Criminal Procedure. That section provides:

> [I]t is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24 (Vernon 2009). Although Phillips recognizes this section creates an affirmative defense, she asserts the burden is on the State to show someone with the proper authority attempted to contact Phillips at her last known addresses. We disagree.

We review a trial court's order revoking community supervision under an abuse of discretion standard. *Rickles v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove its allegation that a defendant violated a condition of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). However, the burden is on the defendant to establish an affirmative defense by a preponderance of evidence. *Hunter v. State*,

243 S.W.3d 664, 667 (Tex. Crim. App. 2007). In reviewing the sufficiency of the evidence to establish an affirmative defense, we review all the evidence and consider whether the result is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.*

Phillips admitted she did not report to her supervision officer as required by the conditions of her community supervision, and Gonzalez testified the probation office records reflect Phillips never reported. The State thus met its burden. The only issue is whether Phillips met her burden to prove the affirmative defense. She did not. All of the evidence at the hearing regarding attempts to locate Phillips concerned efforts made before the motion to revoke was filed and capias issued. The affirmative defense in section 24 of article 42.12 applies only if the defendant proves a "supervision officer, peace officer, or other officer with power of arrest **under a warrant issued by a judge for that alleged violation**" did not contact or attempt to contact the defendant in person at his last known residence or employment address. There was no evidence concerning what actions, if any, the Bexar County community supervision office or any peace officer took to contact or attempt to contact Phillips at her last known residence or employment address *after* the capias issued. Phillips therefore did not sustain her burden of proof as to the affirmative defense. The trial court did not abuse its discretion in revoking Phillips's community supervision and adjudicating Phillips guilty. The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH