•           •           • 
 • • •





MEMORANDUM OPINION

No. 04-09-00202-CR

Leisa PHILLIPS,
Appellant

v.

STATE of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 1996-CR-1222W
Honorable Mary D. Roman, Judge Presiding
 
Opinion by:    Steven C. Hilbig, Justice
 
Sitting:            Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: March 10, 2010

AFFIRMED
            The trial court revoked Leisa Phillips’s community supervision and adjudicated her guilt. 
Phillips appeals the judgment, contending the State failed to use due diligence to secure her arrest. 
We affirm the trial court’s judgment.
Background
            Phillips pled guilty on March 12, 1996, to a charge of possession of cocaine under one gram
and was placed on deferred adjudication community supervision for a period of three years. On July
25, 2006, the State filed a motion to revoke Phillips’s community supervision and to adjudicate her
guilt, alleging Phillips had not reported to the probation office as required by the conditions of her
supervision. The same day, the trial court ordered the clerk to issue a capias for Phillips’s arrest.
Phillips was not arrested until December 2008.
            An evidentiary hearing on the motion to revoke was held February 23, 2009. Although the
original motion alleged five violations of the conditions of community supervision, the State
proceeded only on the allegation that Phillips failed to report to her supervision officer in the months
of April, May, and June 1996. Phillips pled not true to the allegation. The State presented evidence
through Raul Gonzalez, a Bexar County Adult Probation Officer, who testified Phillips never
reported to her supervision officer after being placed on probation in March 1996. Gonzalez detailed
the supervision officer’s efforts to contact Phillips when she failed to report. Those efforts included
sending a letter to the address Phillips had provided and making several calls to her relatives’
telephone numbers. The letter was returned and the telephone numbers were no longer in service. 
The supervision officer spoke by phone to Phillips’s husband, who claimed he did not know her
whereabouts. Gonzalez testified these efforts were made before the motion to revoke was filed in
July 1996 and before the capias was issued.
            Phillips testified she moved to Nixon, Texas, shortly after being placed on deferred
adjudication. She thought her supervision would be transferred to that city. She admitted she never
reported to her supervision officer, claiming her husband was very controlling and would not allow
her to report. She denied ever living at the address used by the probation officer, but admitted the
address written on a form in the probation records appeared to be in her handwriting.
            At the conclusion of the hearing, the trial court granted the State’s motion to revoke
community supervision and adjudicated Phillips guilty. The court later sentenced Phillips to 180
days in the state jail facility.
DiscussionPhillips argues the trial court abused its discretion in revoking her community supervision
because the State failed to prove it attempted to contact her in person at her last known residence or
place of employment as required by article 42.12, section 24, of the Texas Code of Criminal
Procedure. That section provides:
[I]t is an affirmative defense to revocation for an alleged failure to report to a
supervision officer as directed or to remain within a specified place that a supervision
officer, peace officer, or other officer with the power of arrest under a warrant issued
by a judge for that alleged violation failed to contact or attempt to contact the
defendant in person at the defendant’s last known residence address or last known
employment address, as reflected in the files of the department serving the county in
which the order of community supervision was entered.

Tex. Code Crim. Proc. Ann. art. 42.12 § 24 (Vernon 2009). Although Phillips recognizes this
section creates an affirmative defense, she asserts the burden is on the State to show someone with
the proper authority attempted to contact Phillips at her last known addresses. We disagree.
            We review a trial court’s order revoking community supervision under an abuse of discretion
standard. Rickles v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove its
allegation that a defendant violated a condition of community supervision by a preponderance of the
evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). However, the burden is on
the defendant to establish an affirmative defense by a preponderance of evidence. Hunter v. State,
243 S.W.3d 664, 667 (Tex. Crim. App. 2007). In reviewing the sufficiency of the evidence to
establish an affirmative defense, we review all the evidence and consider whether the result is so
against the great weight and preponderance of the evidence as to be manifestly unjust. Id.
            Phillips admitted she did not report to her supervision officer as required by the conditions
of her community supervision, and Gonzalez testified the probation office records reflect Phillips
never reported. The State thus met its burden. The only issue is whether Phillips met her burden
to prove the affirmative defense. She did not. All of the evidence at the hearing regarding attempts
to locate Phillips concerned efforts made before the motion to revoke was filed and capias issued. 
The affirmative defense in section 24 of article 42.12 applies only if the defendant proves a
“supervision officer, peace officer, or other officer with power of arrest under a warrant issued by
a judge for that alleged violation” did not contact or attempt to contact the defendant in person at
his last known residence or employment address. There was no evidence concerning what actions,
if any, the Bexar County community supervision office or any peace officer took to contact or
attempt to contact Phillips at her last known residence or employment address after the capias
issued. Phillips therefore did not sustain her burden of proof as to the affirmative defense. The trial
court did not abuse its discretion in revoking Phillips’s community supervision and adjudicating
Phillips guilty. The judgment of the trial court is affirmed.
Steven C. Hilbig, Justice
 
DO NOT PUBLISH