Opinion filed July 15, 2010



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00030-CR

_____

## SHAUN HUDDLESTON, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 367th District Court

Denton County, Texas

Trial Court Cause No. F-2007-2494-E

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment revoking community supervision. Shaun Huddleston was originally convicted upon his plea of guilty to the offense of burglary of a habitation. Pursuant to a plea bargain agreement, the trial court convicted appellant and assessed his punishment at confinement for ten years and a $1,000 fine, but the confinement portion of the sentence was suspended and appellant was placed on community supervision for seven years. The State later filed a motion to revoke community supervision, alleging that appellant had violated the terms of his community supervision by burglarizing a building. The trial court

revoked appellant's community supervision and assessed his punishment at confinement for six years and a $1,000 fine. We affirm.

In his sole issue on appeal, appellant contends that the evidence is insufficient to support the revocation. We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that the defendant violated the terms and conditions of his community supervision.[1] *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). At a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and of the weight to be given their testimony, and we must view the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

The record from the revocation hearing shows that police were dispatched to Public Storage after receiving a call from Donata McCulloch that a man with bolt cutters in his hand entered through the fence. McCulloch noticed that the fence had been cut. When police arrived, they saw appellant, who matched the description given by McCulloch, at the bus stop across the street from the storage facility. As the police pulled up, appellant began walking away from the bus stop. The police detained appellant. Appellant was carrying a guitar in a box. An air mattress was located at the bus stop. McCulloch drove by during appellant's detention and identified appellant as the man she had seen entering through the fence at the storage facility. At the hearing, she could only testify that appellant looked similar to the man she had seen.

Testimony from the responding police officer showed that the fence had been cut, that locks to three storage units had been snipped, and that one unit had been ransacked. Thomas Anthony Irvin testified that he rented the unit that had been broken into and ransacked. He

---

[1]We note that appellant contends that, because his revocation is based solely upon circumstantial evidence, the State must have disproved every reasonable hypothesis other than appellant's guilt. The reasonable-hypothesis construct urged by appellant and acquiesced in by the State in this case has been rejected by the Texas Court of Criminal Appeals and is no longer used as a measure of legal sufficiency. *Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999); *Geesa v. State*, 820 S.W.2d 154, 160-61 (Tex. Crim. App. 1991).

identified the guitar and the air mattress as his and testified that they had been taken from his storage unit without his consent.

Appellant testified that the guitar and the air mattress belonged to him. He said that his girlfriend's father had given him the air mattress. Appellant's girlfriend testified that her father had given appellant at least one air mattress: a blue one with duct tape. The air mattress obtained by police at the bus stop was green and beige striped and had no duct tape.

We hold that the trial court could have found by a preponderance of the evidence that appellant committed or attempted to commit burglary as alleged in the motion to revoke. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision. Appellant's issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


July 15, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.