

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00769-CR

Juan Boaerge **RIVERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the Criminal District Court 4, Tarrant County, Texas
Trial Court No. 1197727D
The Honorable Michael Thomas, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

Appellant, Juan Boaerge Rivera, appeals the trial court's judgment adjudicating his guilt and revoking his community supervision. We affirm.

### BACKGROUND

Appellant pled guilty to possession of a controlled substance and was placed on deferred adjudication. Subsequently, Tarrant County police officers responded to a sexual assault alleged to have been committed by appellant at a gym where he worked. The State filed a motion to adjudicate guilt alleging appellant violated a condition of his community supervision, "to commit

no offense against the laws of this State or any other State or the United States." Specifically, the State alleged appellant "intentionally or knowingly cause[d] the penetration of the female sexual organ of Briana Spivey, a pseudonym, by inserting [appellant's] penis in Spivey's female sexual organ without the consent of Spivey by compelling Spivey to submit or participate by the use of physical force or violence or by threatening to use force or violence against Spivey and Spivey believed that [appellant] had the present ability to execute said threat." Based on the testimony presented, the trial court found appellant violated the condition of his community supervision, adjudicated his guilt, and sentenced him to ten years' confinement.

### 1.  Standard of Review

We review the trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). On a motion to revoke community supervision, the State bears the burden to prove its allegations by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Reasor v. State*, 281 S.W.3d 129, 131–32 (Tex. App.—San Antonio 2008, pet. ref'd). The trial court is the "sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). We view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

### 2.  Analysis

In his sole issue on appeal, appellant contends the trial court abused its discretion in revoking his community supervision because the State failed to prove by a preponderance of the evidence that appellant sexually assaulted Spivey.

A person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that

person's consent. TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West 2011). Sexual assault is without consent if the actor compels the other person to submit or participate by the use of physical force or violence, or if the actor compels the other person to submit or to participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat. *Id*. § 22.011(b)(1), (2).

In this case, Spivey testified at the hearing on the motion to proceed to adjudication of guilt. She stated she worked in the business located next to the gym where appellant worked, and that she met appellant approximately one month before the sexual assault occurred. Appellant would frequent her place of employment and invite her to work out with him. Spivey stated appellant was aware she had back problems and was going to show her exercises that would strengthen her back muscles and reduce her pain. Once she arrived at the gym, appellant escorted her into a tanning room where he handed her a towel to cover her breasts so that he could massage her back muscles before she began working out. Spivey testified that during the massage, appellant began to massage her legs and inserted his fingers into her vagina. After telling appellant to stop, Spivey testified he apologized and resumed massaging her back. Spivey stated she did not immediately leave because she was scared and embarrassed to leave the tanning room because she was partially naked. Appellant then told Spivey to lay on the ground where he would continue to massage her back. When she complied, appellant mounted her and prevented her from moving by physically overpowering her. Appellant then slid her underwear aside and inserted his penis into her vagina. In addition to Spivey's testimony, the State also presented the DNA results of her sexual assault examination. The forensic report confirmed the presence of appellant's semen inside Spivey's vagina.

On appeal, appellant argues the evidence is equally consistent with a finding that Spivey engaged in consensual sex with him. However, as the sole judge of the weight and credibility to

give witness testimony, the trial court was free to believe or disbelieve Spivey's version of events. *See Hacker*, 389 S.W.3d at 865. Accordingly, we conclude the State proved its allegation by a preponderance of the evidence.

## CONCLUSION

The trial court did not abuse its discretion in adjudicating appellant's guilt and revoking his community supervision because the record contains sufficient evidence to support the trial court's finding that appellant violated at least one of the conditions of his community supervision.

Sandee Bryan Marion, Justice

Do not publish