

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00142-CR

LETICIA MCWILLIAMS                                      APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1174887D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Leticia McWilliams appeals from the revocation of her community supervision. In her sole point, McWilliams argues that the trial court abused its discretion by revoking her community supervision and by sentencing her to four years' imprisonment. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

On January 19, 2010, McWilliams pleaded guilty, pursuant to a plea agreement, to the third-degree felony of intoxication assault. *See* Tex. Penal Code Ann. § 49.07 (West 2011). The trial court sentenced McWilliams to ten years' confinement; imposed a $1,000 fine; suspended the sentence; and placed McWilliams on community supervision for a period of ten years. On July 22, 2011, the State filed a petition to revoke McWilliams's community supervision. Three months later, the State filed a motion to dismiss its petition to revoke, and the trial court dismissed the petition, continued McWilliams's community supervision, and imposed additional conditions of community supervision.

The State filed a second petition to revoke McWilliams's community supervision on February 4, 2014, alleging that McWilliams had violated multiple conditions of her community supervision. Specifically, the State alleged that McWilliams was ordered by the trial court to submit to supervision by the Supervision with Immediate Enforcement (SWIFT) Court and that she had violated that condition when she was discharged from the SWIFT Court for noncompliance, as follows:

> a. The Defendant failed to install the In-Home monitoring device as court ordered and directed by Tarrant County CSCD in the month of January 2014.

> b. The Defendant failed to submit a urine specimen or a non-diluted urine specimen on or about January 30, 2014 as directed by Tarrant County CSCD.

2

The State also alleged that McWilliams had violated additional conditions of her community supervision when she failed to pay the supervision fee of $60 or any other amount on the fifteenth day for the various months during the period from April 2010 to January 2014, as listed in the petition (Paragraph 2); failed to install the in-home monitoring device in January 2014 (Paragraph 3);[2] failed to pay for urine testing for eight months during the period from 2012 to 2014 (Paragraph 4); failed to pay for electronic monitoring fees and owed a total balance of $2,425 (Paragraph 5); and failed to obtain or verify employment for July 2012 through January 2014 (Paragraph 6).

At the revocation hearing, McWilliams pleaded "not true" to the allegations in the State's second petition to revoke. After hearing testimony from McWilliams's community supervision officer, McWilliams's SWIFT community supervision officer, and McWilliams, the trial court found the allegations in Paragraphs 1a, 1b, 2, 3, and 4 of the State's second petition to revoke to be true and sentenced McWilliams to four years' confinement.[3]

### III. No Abuse of Discretion

In her sole point, McWilliams argues that the trial court abused its discretion by revoking her community supervision and by sentencing her to four

---

[2]The State notes in its brief that the allegation in Paragraph 1a is repeated in Paragraph 3.

[3]The judgment does not contain findings related to the allegations in Paragraphs 5 and 6 of the State's second petition to revoke.

years' imprisonment. McWilliams argues that all of the violations alleged in the State's second petition to revoke, other than a single act of failing to submit a urine specimen, were based on her failure to do acts that were founded on financial obligations and that there was no proof that she had the ability to meet those financial obligations.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

The record reveals that the trial court added supplemental conditions of community supervision on September 24, 2012, requiring McWilliams to submit to supervision by the SWIFT Court and to submit a valid, nondiluted, and nonadulterated urine, hair, blood, breath, or saliva sample for testing according to the time and manner directed by the supervision officer. Two weeks later,

4

McWilliams signed a document entitled "SWIFT Court Warning," which stated that she was required to call the drug-test hotline every weekday and, if selected, to report for testing before 3:00 p.m. that same day. In bold at the bottom of the warning, it stated, "I have read or have had the S.W.I.F.T. program explained to me. I understand also that my probation can be revoked for any violation of probation."

During the revocation hearing, McWilliams's SWIFT community supervision officer testified that McWilliams was discharged from SWIFT for noncompliance, which included failing to submit a urine specimen on January 30, 2014.[4] McWilliams testified that she presented on January 30, 2014, to give a urine specimen but that she left at 1:35 or 1:40 p.m. before giving a sample because her mother had to be at work. On cross-examination, McWilliams admitted that she did not give a urine specimen on January 30, 2014, and that she understood that was a condition of her probation and a condition of the SWIFT order. On appeal, McWilliams does not deny that she failed to submit a urine sample on January 30, 2014. Instead, she argues that "her failure to submit a urine sample was beyond [her] control and [that] she was in fact present and able to submit a sample[;] she just could not stay all afternoon due to her mother[']s work."

---

[4]The record includes a letter from McWilliams's community supervision officer to the trial court stating that McWilliams was discharged from the SWIFT Court for "noncompliance" on January 31, 2014—the day following her failure to provide a urine specimen.

Reviewing the evidence in the light most favorable to the trial court's ruling, we hold that the State proved by a preponderance of the evidence that McWilliams violated the condition of her community supervision that required her to submit to supervision by the SWIFT Court when she failed to submit a urine specimen on January 30, 2014. *See Cobb*, 851 S.W.2d at 873; *see also Sanchez v. State*, No. 01-13-00631-CR, 2014 WL 3107659, at *3 (Tex. App.—Houston [1st Dist.] July 8, 2014, no pet.) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion by revoking appellant's community supervision on the ground that he had failed to submit urine samples on four occasions). Accordingly, we hold that the trial court did not abuse its discretion by revoking McWilliams's community supervision and sentencing her to four years' confinement. *See Rickels*, 202 S.W.3d at 763; *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (holding that proof of any one violation is sufficient to support revocation order). We overrule McWilliams's sole point.

## IV. Conclusion

Having overruled McWilliams's sole point, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 18, 2014