Richard Wayne **COBB**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1283–92.

Court of Criminal Appeals of Texas, En Banc.

April 21, 1993.

---

William H. McCoy, Daingerfield, for appellant.

Richard B. Townsend, County and Dist. Atty., Daingerfield, Robert Huttash, State's Atty., Austin, for State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

This is an appeal from an order revoking probation.

Richard Wayne Cobb was convicted in November of 1990 of misdemeanor reckless driving in the county court of Morris County.[1] Appellant was sentenced to thirty days confinement and fined $500.00. The confinement was probated for six months. During the period of probation, the State alleged appellant violated the terms of his probation by engaging in an unlawful act, specifically, he fled from a police officer. Tex.Penal Code Ann. § 38.04. The trial judge found that this allegation was adequately proved, revoked his probation, and ordered appellant to serve his sentence of thirty days in the county jail. The Texarkana Court of Appeals reversed the order of the trial court and set aside the revocation. *Cobb v. State*, 835 S.W.2d 771 (Tex. App.—1992).

The Court of Appeals held the State failed to prove by a preponderance of the evidence that appellant violated the terms of his probation. Specifically, the judgment of conviction and order of probation in appellant's reckless driving conviction were not introduced into evidence, nor were they judicially noticed by the trial court. Although both documents appear in the transcript, the failure of the trial court to judicially notice these documents in accordance with Rule 201 of the Texas Rules of

---

**1.** Appellant was charged with driving while intoxicated. However, contrary to the Court of Appeals' opinion, appellant was found guilty of only reckless driving.

Criminal Evidence was held fatal by the Court of Appeals.

We granted the State's petition for discretionary review to determine whether on appeal, a defendant may contend for the first time, that the evidence is insufficient to establish that the alleged violation of probation was a term or condition of probation; whether the terms and condition of probation must be established by formal proof; whether a trial judge must use "magic words" before he notices the original judgement of conviction, together with the terms and conditions of probation; and whether when the statement of facts does not reflect that the trial court took "judicial notice" of the original judgment of conviction, together with the terms and conditions of probation, may or must an appellate court take judicial notice of them for the first time on appeal. We reverse the judgment of the Court of Appeals.

■■■ A probation revocation proceeding is neither a criminal nor a civil trial, but rather an administrative hearing. *Bradley v. State*, 564 S.W.2d 727, 729 (Tex.Crim. App.1978) (en banc). Yet the Rules of Criminal Evidence are generally applicable to a revocation hearing. Tex.R.Crim.Evid. 1101(d)(2). The State must prove by a preponderance of the evidence that a defendant violated the terms of his probation. *Cardona v. State*, 665 S.W.2d 492, 493–494 (Tex.Crim.App.1984). In this case, the court of appeals reversed the revocation because the State failed to adequately prove the terms of probation.

■■ At the probation hearing in the trial court, the judgment and order of probation were not introduced into evidence. However, both documents appear before us in the transcript, and the term of probation charged in the State's motion to revoke is identical to that in the order of probation. Essentially, we must decide whether formal proof is necessary to establish the terms and conditions of probation. We believe formal proof is not necessary, and because we resolve this issue in the favor of the State, the State's remaining questions for review need not be resolved.

During a probation revocation hearing, this court has continually requested that the order of probation be entered into evidence at the probation revocation hearing. *Holloway v. State*, 666 S.W.2d 104, 108 (Tex.Crim.App.1984). The preferred method of introduction into the record has historically been through judicial notice, since it is without question that the existence of the probation contract is a judicially noticeable fact. *Id.; Fleming v. State*, 502 S.W.2d 822 (Tex.Crim.App.1973). Recognizing our request that these documents be judicially noticed, the Court of Appeals determined under the new rules of evidence that a trial court could not notice these document without first giving each party the opportunity to be heard. Tex.R.Crim. Evid. 201(e). The Court of Appeals' opinion is based on a belief that formal proof of the judgment and order of probation are required in a probation revocation hearing. Therefore, absent evidence of their existence, the evidence will be insufficient on appeal.

While we believe it is essential the documents appear in the record, we do not believe we have ever required these documents to be formally proved in a probation revocation hearing. *Horman v. State*, 423 S.W.2d 317, 318 (Tex.Crim.App.1968) ("We find no merit in the contention that it was incumbent upon the state to offer as an exhibit the order made by the same judge in the same court finding appellant guilty; assessing his punishment and placing him on probation, and showing the conditions imposed."); *Fleming v. State*, 502 S.W.2d at 823 (The conditions of probations were not introduced into evidence, nevertheless, because the order of probation was a part of the appellate record, we judicially noticed the order of probation and presumed the trial court did as well). However, we recognize the inherent confusion in our request that these documents be judicially noticed and the absence of a corollary requirement that the State prove the judgment and order of probation. Because we believe that formal proof of the terms of the probation are not necessary, we no longer insist the trial court judicially notice

or the State prove the conviction and the terms of probation.

The rationale for this rule is based on the nature of a trial court's continuing jurisdiction of a case. Tex.Code Crim.Proc.Ann. art. 42.12 §§ 6(a), 7(a), 8(a), 9(a), 10(a), and 11. The probation revocation hearing is an extension of the original sentencing portion of the trial of a defendant.[2] "Only the court in which the defendant was tried may grant probation, impose conditions, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the later's consent." *Id.*, § 10(a). The execution of the sentence has been delayed contingent upon the successful completion of certain specified requirements. These requirements appear in the form of the order of probation. The court may also modify the conditions of probation during the term of probation. *Id.*, § 11(a). Consequently, the nature of the continuing jurisdiction makes the proof of the documents, which is an extension of the sentencing power of the trial court, unnecessary.

■ The effect of our decision is limited. The State still must prove the identity of the probationer and that he or she violated the terms of the order of probation. Where an individual did not receive notice of the terms of probation or the motion to revoke, that individual may still challenge the revocation on due process grounds. Where the judgment or order of probation contain clerical errors, the defendant can challenge the particulars of the order at the probation revocation hearing. Nothing

in this opinion changes the substance of proof before the trial judge. We only accept the practical aspects of a probation revocation hearing, which is, that probation is only an extension of the original sentencing of a defendant, and the underlying judgment and terms of probation give the trial court that jurisdiction.

■ Therefore, in sufficiency of the evidence challenges in probation revocation cases, as long as the judgment and order of probation appear in the record on appeal[3] the State is not required to introduce the documents into evidence. The State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of probation, and that the individual violated a term of probation as alleged in the motion to revoke. The burden of proof at a probation revocation hearing is by a preponderance of the evidence. *Cardona, supra.* Where the judgment and order of probation do not appear in the record, the probation revocation will not be upheld on appeal. *Scott v. State*, 461 S.W.2d 619 (Tex.Crim. App.1971). Assuming the probationer has sufficient notice of the grounds for the revocation hearing, it is incumbent upon the probationer to challenge the validity of the probation order with the court.[4]

Due to the continuing jurisdictional nature of a probation revocation hearing, formal proof of the judgment and order of probation is not required in a probation revocation hearing. For appellate purposes in a sufficiency of the evidence review those documents must appear in the

2. Article 42.12 of the Texas Code of Criminal Procedure sets out the purpose of probation in Texas.

It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence of certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas....
*Id.*, § 1.

3. "The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts." Tex.R.App.P. 50(a).

4. Finally, the court of appeals noted that the reason the trial court must notify the probationer that he is taking judicial notice of the order of probation, is that the Rule requires an opportunity to be heard and this opportunity to be heard is constitutionally required. We disagree. We presume appellant is aware of the existence of the conditions of his probation, when he signed the order of probation which explicitly states that "[the] Court also has the authority at any time during the period of probation to revoke your probation for violation of any of the conditions of probation set out above." *See Harris v. State*, 608 S.W.2d 229, 230 (Tex.Crim. App.1980) (panel opinion).

record. Consequently, there is no need for the trial court to take judicial notice of these documents under Rule 201 of the Texas Rules of Criminal Evidence. Because both documents appear in the record before us, the judgment of the court of appeals is reversed and appellant's probation revocation is affirmed.

CLINTON and OVERSTREET, JJ., concur in the result.