NO. 07-05-0379-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 6, 2006


______________________________



JAMAAL DONTE MAYES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 50,573-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Jamaal Donte Mayes, appeals from an order revoking his probation for
the offense of possessing a controlled substance. His sole issue involves the sufficiency
of the evidence underlying the trial court's decision to revoke probation. The evidence was
purportedly insufficient because no evidence illustrated that he used force or violence in
compelling an ex-girlfriend to engage in sexual intercourse. We overrule the issue and
affirm the judgment. 

 The State alleged, in its motion to revoke, that appellant violated the terms of his
probation by breaching §22.011 of the Texas Penal Code. (1) That is, it averred he
intentionally and knowingly engaged in vaginal intercourse with Felicia Ramirez (his former
girlfriend) without her consent and through "the use of physical force and violence." In
support of this allegation, Ramirez testified that 1) as appellant was touching her, she told
him she did not want to have sex, 2) he started pulling off her shorts, 3) she tried to push
him off of her and told him several more times she did not want to have sex, 4) he pulled
off her shorts, 5) he had her by her knees and was holding her down, 6) he "forced" himself
inside of her, 7) she was pushing him on his chest, and 8) she was crying. So too did she
state that he used "force against" her and that his conduct was "a violent act against [her]."

 While §22.011(b)(1) speaks of force, it says nothing about the amount of force that
must be utilized. Gonzales v. State, 2 S.W.3d 411, 415 (Tex. App.-San Antonio 1999, no
pet.). Some force, whether excessive or not, need only be shown. And, the foregoing
testimony, especially that illustrating appellant had her by the knees and held her down,
evinces force sufficient to satisfy the requirement of §22.011(b)(1). See Gonzales v. State,
supra (holding the evidence was sufficient to show that the defendant used physical force
when he either "'threw'" or "'laid'" the victim on the couch and laid on top of her which
prevented her from moving). Thus, the State fulfilled its burden to prove the allegations
in its motion by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice


Do not publish.

 

 
1. The statute provides that a person commits an offense if he intentionally or knowingly causes the
penetration of the anus or sexual organ of another person by any means, without that person's consent. Tex.
Pen. Code Ann. §22.001(a)(1)(A) (Vernon Supp. 2006). Furthermore, the lack of consent may be established
through proof showing that the actor compelled the other person to submit or participate through the use of
physical force or violence. Id. §22.011(b)(1).



t-decoration: underline">Tex. Dep't of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). A trial court's lack of subject matter
jurisdiction is properly raised by a plea to the jurisdiction. Id.

 A plaintiff has the burden to allege facts affirmatively demonstrating that the trial
court has subject matter jurisdiction. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). In a suit against a city, a plaintiff must allege consent to suit
by reference to either a statute or express legislative permission. Jones, 8 S.W.3d at 638. 
In the present case, appellees alleged that their claims against the City fall within the Tort
Claims Act's limited waiver of immunity. See § 101.021(2). 

 We review a trial court's ruling on a plea to the jurisdiction de novo. See State Dep't
of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). A court
deciding a plea to the jurisdiction looks to the pleadings, but must consider evidence when
necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000). The pleadings must be construed liberally in the plaintiff's
favor and in accord with the pleader's intent. Brown, 80 S.W.3d at 555. Our review of
evidence is limited to that evidence which is relevant to the jurisdictional issue. Bland
Indep. Sch. Dist., 34 S.W.3d at 555. If the plaintiff's pleadings are insufficient to
demonstrate the court's jurisdiction, but do not affirmatively show incurable jurisdictional
defects, the plaintiff must be afforded an opportunity to amend before dismissal. Brown,
80 S.W.3d at 555.Analysis

 It is undisputed that the City is a governmental unit, as defined by the Texas Tort
Claims Act. See § 101.001(3). Appellees pled that their claim against the City arose out
of Doherty's use of tangible personal property causing Nunez's death. The Texas Tort
Claims Act creates a limited waiver of immunity for three specific areas of liability provided
that claims that fall within these areas do not fall under one of the express exceptions to
the waiver. Durbin v. City of Winnsboro, 135 S.W.3d 317, 320 (Tex.App.-Texarkana 2004,
pet. denied). As applicable to the present case, the Texas Tort Claims Act waives
governmental immunity for personal injury and death caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a private person,
be liable under Texas law. § 101.021(2). An exception to the Texas Tort Claims Act's
waiver of governmental immunity applies to a claim "arising out of assault, battery, false
imprisonment, or any other intentional tort, . . . ." § 101.057(2).

 In its plea to the jurisdiction, the City contended that appellees' petition alleged an
intentional tort and, therefore, was excluded from the waiver of immunity under the Texas
Tort Claims Act. See § 101.057(2). The City attached an affidavit of Doherty to its Plea. 
In his affidavit, Doherty attested that,

Based upon my police training and police education and experience, and
based on what I had observed, I determined that I needed to utilize my taser
to prevent harm to Graciela Nunez, Lisa Hernandez and myself and to bring
the subject into compliance. I intentionally fired my taser striking the
suspect. I intentionally delivered additional bursts to the suspect since he
was continuing to resist.

The City cited Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001), and its
progeny, in support of its contention that appellees' claims allege an intentional tort for
which governmental immunity is not waived.

 Appellees responded that their claims were not for an intentional tort because they
did not allege that Doherty intended to injure Nunez. In support of their contention,
appellees cited Reed Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985), Bridges v.
Robinson, 20 S.W.3d 104, 114 (Tex.App.-Houston [14th Dist.] 2000, no pet.), overruled on
other grounds, Telthorster v. Tennell, 92 S.W.3d 457, 464 (Tex. 2002), and Durbin v. City
of Winnsboro, 135 S.W.3d 317, 321 (Tex.App.-Texarkana 2004, pet. denied).

 In Reed Tool Co., the Texas Supreme Court noted that the fundamental difference
between a claim of negligence and an intentional tort is not whether the defendant
intended the action, but whether he intended the resulting injury. Reed Tool Co., 689
S.W.2d at 406. 

 In Bridges, the Court provided that "the fundamental difference between a
negligence injury and an intentional injury is the specific intent to inflict injury." Bridges, 20
S.W.3d at 114. The Court noted that the plaintiffs' pleadings alleged only that the officers
had acted negligently. Id. Because the City offered no proof that the officers intended to
injure or kill the decedent, the Court concluded that the City had not established that the
plaintiffs were alleging an intentional tort and, therefore, section 101.057 was inapplicable. 
Id.

 In Durbin, the Court performed a detailed analysis of the cases construing the
intentional tort exception of the Texas Tort Claims Act. After discussing Petta and its
progeny, the Durbin court concluded that these cases focus on whether the state actor
intended his actions and provide little analysis of whether the actor allegedly intended to
cause injury. See Durbin, 135 S.W.3d at 324. The Court noted, however, that in most of
these cases, the intent to cause injury could be inferred from the actor's conduct. Id. After
reviewing the jurisprudence relating to the intentional tort exception of section 101.057, the
Court concluded that it is an intent to injure that distinguishes an intentional tort from a
negligence cause of action. Id.

 We agree with and adopt the analysis provided by Reed Tool, Bridges, and Durbin. 
Looking to the appellees' pleadings, appellees allege that Doherty took intentional actions,
but do not allege that Doherty intended to cause Nunez injury. The affidavit of Doherty,
filed by the City in support of its Plea, indicates that Doherty intended to "prevent harm" to
bystanders and to "bring the subject into compliance." However, nothing in this affidavit
indicates that Doherty intended to cause Nunez injury. Further, we cannot infer Doherty's
intent to cause injury from his use of a taser, which appellees allege is advertised to be a
"non-lethal" or "safe" incapacitation device. Therefore, we conclude that the appellees
have pled a negligence cause of action and the City has not established that the intentional
tort exception to the Texas Tort Claims Act's limited waiver of immunity applies.

Conclusion

 We affirm the trial court's denial of the City's Plea to the Jurisdiction.





 Mackey K. Hancock

 Justice
1. Further reference to specific sections of chapter 101 of the Texas Civil Practice and
Remedies Code will be by reference to "section 101.___" or "§ 101.___." General
references to chapter 101 will be by reference to the "Texas Tort Claims Act." See §
101.002.