NO. 07-05-0379-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 6, 2006
_____

JAMAAL DONTE MAYES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,573-C; HON. PATRICK PIRTLE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jamaal Donte Mayes, appeals from an order revoking his probation for the offense of possessing a controlled substance. His sole issue involves the sufficiency of the evidence underlying the trial court's decision to revoke probation. The evidence was purportedly insufficient because no evidence illustrated that he used force or violence in compelling an ex-girlfriend to engage in sexual intercourse. We overrule the issue and affirm the judgment.

The State alleged, in its motion to revoke, that appellant violated the terms of his probation by breaching §22.011 of the Texas Penal Code.[1]  That is, it averred he intentionally and knowingly engaged in vaginal intercourse with Felicia Ramirez (his former girlfriend) without her consent and through "the use of physical force and violence."  In support of this allegation, Ramirez testified that 1) as appellant was touching her, she told him she did not want to have sex, 2) he started pulling off her shorts, 3) she tried to push him off of her and told him several more times she did not want to have sex, 4) he pulled off her shorts, 5) he had her by her knees and was holding her down, 6) he "forced" himself inside of her, 7) she was pushing him on his chest, and 8) she was crying.  So too did she state that he used "force against" her and that his conduct was "a violent act against [her]."

While §22.011(b)(1) speaks of force, it says nothing about the amount of force that must be utilized.  *Gonzales v. State,* 2 S.W.3d 411, 415 (Tex. App.–San Antonio 1999, no pet.).  Some force, whether excessive or not, need only be shown.  And, the foregoing testimony, especially that illustrating appellant had her by the knees and held her down, evinces force sufficient to satisfy the requirement of §22.011(b)(1).  *See Gonzales v. State, supra* (holding the evidence was sufficient to show that the defendant used physical force when he either "'threw'" or "'laid'" the victim on the couch and laid on top of her which prevented her from moving).  Thus, the State fulfilled its burden to prove the allegations in its motion by a preponderance of the evidence.  *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

---

[1]The statute provides that a person commits an offense if he intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent. TEX. PEN. CODE ANN. §22.001(a)(1)(A) (Vernon Supp. 2006).  Furthermore, the lack of consent may be established through proof showing that the actor compelled the other person to submit or participate through the use of physical force or violence.  *Id.* §22.011(b)(1).

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice



Do not publish.