*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00149-CR

Alfonso G. **TAPIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 1999-CR-4006
Honorable Raymond Angelini, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:   September 10, 2008

AFFIRMED

Defendant Alfonso G. Tapia pled no contest to indecency with a child and was placed on deferred adjudication. Subsequently, the State filed a motion to enter adjudication of guilt and revoke community supervision. After a hearing on the motion, the trial court revoked defendant's community supervision and sentenced defendant to twenty years' confinement. On appeal, defendant complains the trial court abused its discretion because the evidence was legally insufficient

to support the trial court's findings that he violated conditions of his community supervision. We affirm.

## DISCUSSION

In his sole issue on appeal, defendant argues that because the State failed to introduce into evidence the terms and conditions of his probation, the evidence is legally insufficient to support the trial court's findings that he violated conditions of his community supervision. In a hearing on a motion to revoke community supervision, the State bears the burden to prove its allegations by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). An appellate court reviews the trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A probation revocation hearing is an extension of the original sentencing portion of the defendant's trial, which reflects the continuing nature of the trial court's jurisdiction. *Cobb*, 851 S.W.2d at 874. "Therefore, in sufficiency of the evidence challenges in probation revocation cases, as long as the judgment and order of probation appear in the record on appeal, the State is not required to introduce the documents into evidence." *Id*.

Defendant was a registered sex offender who was placed on deferred adjudication for indecency with a child. Condition 39(H) of defendant's conditions of community supervision states, "Do not enter the premises . . . at any place or activity where minor children under the age of seventeen (17) are gathered or known to congregate . . . ." Condition 39(I) states, "[Defendant] shall have no direct contact with or enter onto the premises where the victim or any minor children . . . are present." The trial court found that defendant violated Conditions 39(H) and 39(I) of his community supervision. An instrument bearing the heading "TERMS AND CONDITIONS OF COMMUNITY SUPERVISION," and also bearing defendant's signature, was contained in the trial

court's file of the case. The instrument contains conditions 39(H) and 39(I) as described in the State's motion to enter adjudication of guilt and revoke community supervision. Because the terms of defendant's community supervision were in the record, we conclude the trial court did not abuse its discretion.

## CONCLUSION

We overrule defendant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish