MEMORANDUM OPINION


No. 04-08-00149-CR



Alfonso G. TAPIA,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CR-4006


Honorable Raymond Angelini, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: September 10, 2008 


AFFIRMED

 Defendant Alfonso G. Tapia pled no contest to indecency with a child and was placed on
deferred adjudication. Subsequently, the State filed a motion to enter adjudication of guilt and
revoke community supervision. After a hearing on the motion, the trial court revoked defendant's
community supervision and sentenced defendant to twenty years' confinement. On appeal,
defendant complains the trial court abused its discretion because the evidence was legally insufficient
to support the trial court's findings that he violated conditions of his community supervision. We
affirm.

DISCUSSION

 In his sole issue on appeal, defendant argues that because the State failed to introduce into
evidence the terms and conditions of his probation, the evidence is legally insufficient to support the
trial court's findings that he violated conditions of his community supervision. In a hearing on a
motion to revoke community supervision, the State bears the burden to prove its allegations by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). An
appellate court reviews the trial court's judgment revoking community supervision under an abuse
of discretion standard. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A probation
revocation hearing is an extension of the original sentencing portion of the defendant's trial, which
reflects the continuing nature of the trial court's jurisdiction. Cobb, 851 S.W.2d at 874. "Therefore,
in sufficiency of the evidence challenges in probation revocation cases, as long as the judgment and
order of probation appear in the record on appeal, the State is not required to introduce the
documents into evidence." Id. 

 Defendant was a registered sex offender who was placed on deferred adjudication for
indecency with a child. Condition 39(H) of defendant's conditions of community supervision states,
"Do not enter the premises . . . at any place or activity where minor children under the age of
seventeen (17) are gathered or known to congregate . . . ." Condition 39(I) states, "[Defendant] shall
have no direct contact with or enter onto the premises where the victim or any minor children . . .
are present." The trial court found that defendant violated Conditions 39(H) and 39(I) of his
community supervision. An instrument bearing the heading "TERMS AND CONDITIONS OF
COMMUNITY SUPERVISION," and also bearing defendant's signature, was contained in the trial
court's file of the case. The instrument contains conditions 39(H) and 39(I) as described in the
State's motion to enter adjudication of guilt and revoke community supervision. Because the terms
of defendant's community supervision were in the record, we conclude the trial court did not abuse
its discretion.

CONCLUSION

 We overrule defendant's issue on appeal and affirm the trial court's judgment.


 Sandee Bryan Marion, Justice

Do not publish