# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00012-CR

**Wilson Dwayne Preston, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 05-1266-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Wilson Dwayne Preston was placed on community supervision after he was convicted for possessing child pornography. *See* Tex. Penal Code Ann. § 43.26 (West 2011). He now appeals the district court's order revoking supervision and imposing a ten-year prison sentence. Appellant contends that the evidence does not support the court's finding that he violated the conditions of his supervision by viewing pornographic images. We overrule this contention and affirm the revocation order.

As a condition of his supervision, appellant was assigned to a sex offender counseling group. Heather Shahan, the leader of the group, testified that appellant stated during a group therapy session that he had looked at pornographic images of adults and children on a computer at his workplace on ten or more occasions between August 2009 and May 2010. He told the group that he found these images by doing an internet search for "preteen hardcore" and "preteen Russian."

According to appellant's statement to the group, he masturbated several times while viewing these images at a time when his coworkers were at a meeting.

Michael Vohs, appellant's probation officer, testified that appellant "freely admitted" this conduct to him. During cross-examination, Vohs acknowledged that he did not see the images in question and relied solely on appellant's admission that they were pornographic.

The trial court is the trier of fact at a revocation hearing, and we review the evidence in the light most favorable to its ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The State must prove a violation of the conditions of probation by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). That burden is met if the greater weight of the evidence creates a reasonable belief that the probationer violated a condition of his probation. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983).

Appellant contends that his unsworn out-of-court statement that he viewed child pornography was insufficient to support a finding that the images were, in fact, pornographic. Appellant acknowledges the holding in *Cunningham v. State* that a probationer's admission of a violation to his probation officer is sufficient to support a revocation. 488 S.W.2d 117, 121 (Tex. Crim. App. 1972). In that case, the probation officer testified that when he asked Cunningham if he had used a narcotic or narcotics during the previous month, Cunningham told him that he "was using about a gram and a half three or four times a week." Appellant urges that *Cunningham* is distinguishable because that case involved a "non-verifiable" but "specific" admission, while appellant's admission was "verifiable" and "non-specific."

Appellant does not further explain his proposed distinction. As regards both their specificity and verifiability, we see little difference between Cunningham's admission that he used narcotics and appellant's admission that he viewed child pornography. We believe that the trial court could reasonably infer that the images were pornographic from appellant's description of them and of his conduct while viewing them. We hold that the greater weight of the evidence creates a reasonable belief that appellant violated his probation by viewing child pornography. Appellant's issue is overruled.

The order revoking community supervision and imposing sentence is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   August 16, 2011

Do Not Publish