ACCEPTED
07-14-00408-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
5/18/2015 10:36:11 PM
Vivian Long, Clerk

NO. 07-14-00408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
5/18/2015 10:36:11 PM
VIVIAN LONG
CLERK

_____

JESUS RIVERA DAVILA, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

_____

APPELLANT'S BRIEF

_____

APPEALED FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 5158; HONORABLE STUART MESSER, JUDGE

_____

ORAL ARGUMENT IS REQUESTED
MAY 18, 2015

Respectfully submitted,
BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201

BY: /s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.,
ATTORNEY FOR APPELLANT
TELEPHONE NO.:   940-937-2543
FACSIMILE NO.:   940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.:   24027638

## IDENTITY OF PARTIES AND COUNSEL

I hereby certify that the following listed persons or entities have rights which may be adversely affected by the outcome of these appeals in this Court so that the Justices of this Court may review the same to determine the need for recusal or disqualifications, if necessary, herein:

**APPELLANT:**          Jesus Rivera Davila

    TRIAL COUNSEL (Plea):

                Hon. James Mosley
                SBOT # 00797116
                P.O. Box 1181
                Stinnett, Texas  79083
                806-878-4019

    TRIAL COUNSEL (Adjudication):

                Mr. Bryan Denham
                SBOT # 24078415
                P.O. Box 981
                Pampa, Texas  79006
                806-886-4504
                806-553-5432 (Facsimile)
                denhamlaw@yahoo.com

    APPELLATE COUNSEL:

                Mr. Dale A. Rabe, Jr.
                SBOT # 24027638
                P.O. Box 1257
                Childress, Texas  79201
                940-937-2543
                940-937-3431 (Facsimile)
                birdbirdrabe@gmail.com

**APPELLEE:**        The State of Texas
    TRIAL AND APPELLATE COUNSEL:
                Mr. Luke Inman
                SBOT # 24050806
                800 West Avenue, Box 1
                Wellington, Texas  79095
                806-447-0055
                866-233-2738 (Facsimile)
                Luke.inman@windstream.net

**TRIAL JUDGE:**      Hon. Stuart Messer
                P.O. Box 887
                Clarendon, Texas  79226
                806-874-0122
                806-874-5146 (Facsimile)

                Respectfully submitted,

                /s/ Dale A. Rabe, Jr.
                DALE A. RABE, JR.,
                ATTORNEY FOR APPELLANT

## TABLE OF CONTENTS
## SUBJECT INDEX

**SUBJECT**                                                      **PAGE**

Identity of Parties and Counsel                                    2

Table of Contents                                                 4

Subject Index                                                     4

Index of Authorities                                              6

Statement of the Case                                             8

Statement Regarding Oral Argument                                 8

Issue Presented                                                   9

Statement of Facts                                                9

Summary of the Argument                                          19

ISSUE NUMBER ONE                                               9, 20

    APPELLANT WAS DENIED DUE PROCESS PROVIDED
BY THE FOURTEENTH AMENDMENT TO THE UNITED
STATES CONSTITUTION AND THE RIGHT TO
CONFRONT HIS ACCUSERS UNDER THE SIXTH
AMENDMENT TO THE UNITED STATES CONSTITUTION
WHEN HE WAS NOT PROVIDED AN INTERPRETER TO
REVIEW HIS CONDITIONS OF PROBATION DURING
HIS INTAKE INTERVIEW WITH THE 100TH JUDICIAL
DISTRICT COMMUNNITY SERVICE AND CORRECTIONS
DEPARTMENT.  (ENTIRE RECORD).

Argument                                                         20

Prayer                                                           24

Certificate of Compliance                                     25

Certificate of Service                                        25

## INDEX OF AUTHORITIES

**STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 38.30 (West 2014)     21

**CASES**

*Cobb v. State*, 851 S.W.2d 871 (Tex. 1993)     22

*Garcia v. State*, 149 S.W.3d (Tex. 2004)     21

*Gonzalez v. State*, No. 07–12–00210–CR,     22
2013 WL 6044451 (Tex. App.—Amarillo 2013)
(mem. op., not designated for publication)

*Linton v. State*, 275 S.W.3d 493 (Tex. 2009)     21

NO. 07-14-00408-CR

| | | |
|---|---|---|
| JESUS RIVERA DAVILA, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 7TH DISTRICT OF TEXAS |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | AMARILLO, TEXAS |

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF SAID COURT:

Comes now, Jesus Rivera Davila, the Appellant in the above styled and numbered cause, by and through his attorney of record on appeal herein, and submits in and to this Court his Brief on appeal complaining of errors of fact and law in the trial court below as follows:

For convenience, the Appellant, Jesus Rivera Davila, and the Appellee, the State of Texas, will hereinafter be referred to as the "Appellant" and the "State," respectively, throughout this brief hereinafter.

For convenience the Clerk's Record will be referred to as "CR", the Reporter's Record will be referred to as "RR", and the Supplemental Reporter's Record will be referred to as "SRR".

**STATEMENT OF THE CASE**

This is an appeal from the 100th Judicial District Court in Carson County, Texas, the Honorable Stuart Messer, presiding. This appeal is from a Motion to Adjudicate Guilt of the Defendant filed by the 100th Judicial District Attorney's Office.

A hearing on this matter was held on November 19, 2014, and resulted in Appellant's deferred adjudication community supervision being revoked. Appellant was fully and finally convicted of the first degree felony offense of possession of a controlled substance, and sentenced to 55 years in the Texas department of Criminal Justice – Institutional Division.

Notice of Appeal was timely filed.

**STATEMENT REGARDING ORAL ARGUMENT**

The issues presented are of constitutional dimension and Appellant asserts that oral argument would be beneficial to the Court.

## POINT OF  ERROR

POINT OF ERROR NUMBER ONE

APPELLANT WAS DENIED DUE PROCESS PROVIDED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE RIGHT TO CONFRONT HIS ACCUSERS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HE WAS NOT PROVIDED AN INTERPRETER TO REVIEW HIS CONDITIONS OF PROBATION DURING HIS INTAKE INTERVIEW WITH THE 100TH JUDICIAL DISTRICT COMMUNNITY SERVICE AND CORRECTIONS DEPARTMENT. (ENTIRE RECORD).

## STATEMENT OF THE FACTS

For the purpose of brevity and convenience, that portion of this brief entitled "Statement of the Case" is incorporated herein by reference.

In Cause Number 5158, Carson County, Texas, Appellant was charged by indictment alleging that Appellant on or about the 21st day of July, 2012, and before the presentment of the indictment, in the County of Carson and State of Texas, Appellant did intentionally or knowingly possess a controlled substance, namely, methamphetamine, in an amount of 400 grams or more. CR 17.

On April 22, 2013, Appellant pleaded guilty to possession of a controlled substance in an amount of greater than 400 grams, in the 100th District Court of Carson County, Texas. SRR 12. Appellant was found to be in need of an interpreter and was appointed an interpreter for the purpose of the plea hearing. SRR 5. Appellant was sentenced to 5 years deferred adjudication community supervision, $2,000.00 fine, $140.00 lab fee, 400 hours of community service, out-of-state probation transfer fee, and court costs. SRR 27. The conditions of probation were not announced by the trial court during the hearing (Entire Supplemental Reporter's Record). Appellant did not have an interpreter at the time Appellant's conditions of community supervision were reviewed with him by the 100th Judicial District Community Supervision Department. RR 21.

Among other conditions of community supervision, conditions pertinent to this appeal were: (a) Condition 1 required that Appellant "commit no offense against the laws of this State, any other State, the United States,

or any governmental entity," and "notify the Community Supervision Officer in charge of the case within forty-eight (48) hours if arrested and/or charged with a criminal offense"; (b) Condition 2 required that Appellant "avoid injurious or vicious conduct and totally abstain from the purchase, use or consumption of alcoholic beverages of any kind, marihuana, pills, narcotics, controlled substances, harmful drugs, glue or paint sniffing, or any chemical which might cause intoxication unless prescribed by a licensed physician for legitimate medical reasons"; (c) Condition 7 required that the Appellant "report monthly to the Community Supervision Officer assigned beginning on the 1st day of May, 2013, or as directed by the Community Supervisions Officer and continue to report every month thereafter, for the remainder of the Community Supervision period. Should the [Appellant] transfer to another county or state, the [Appellant] must report in person in that jurisdiction as set out above and must report by mail to the 100th Judicial District Community

Supervision Office on the 1st day of each month, beginning the 1st day of the first month after the date of this order"; and (d) Condition 10 of the Order of Community Supervision was that the Appellant "complete 400 hours of community service. 100 hours of community service by the 1st day of October 2013; 100 hours of community service by the 1st day of April 2014; 100 hours of community service by the 1st day of October 2014; 100 hours of community service by the 1st day of April 2015." CR 28.

On March 7, 2014, the State filed its Motion to Adjudicate Guilt of Defendant in Cause Number 5158 styled The State of Texas vs. Jesus Rivera Davila alleging four violations of the terms of Appellant's community supervision, to-wit: (a) that Appellant violated condition 1 in that Appellant committed the offense of "Possession of Cocaine" on or about the 14th day of October, 2013, in Polk County, Florida; and that Appellant committed the offense of "Possession of Drug Paraphernalia" on or about the 14th day of October,

2013, in Polk County, Florida; (b) that the Appellant violated condition 2 in that consumed cocaine on or about the 25th day of May, 2013; and that Appellant consumed cocaine on or about the 3rd day of August, 2013; (c) that Appellant violated condition 7 in that Appellant failed to report monthly by mail as directed to the 100th Judicial District Community Supervision Officer assigned for the month of November 2013; and (d) that Appellant violated condition 10 in that Appellant failed to complete 100 hours of community service due by the 1st day of October 2013. CR 52.

On November 19, 2014, the trial court called the case for hearing on the State's Motion to Adjudicate. RR 7. Again, the trial court appointed an interpreter for Appellant. RR 7. Appellant pleaded "not true" to the State's contention that he violated conditions 1, 2, 7, and 10 of his conditions of community supervision. RR 14.

The State called Mark White, 100th Judicial District Community Supervision Officer. RR 16. Mark White

testified that as part of his employment he performs intakes on people place on probation which includes reviewing the conditions of community supervision. RR 17. Mark White performed the intake on Appellant. RR 18. Mark White stated he reviewed the conditions of community supervision with Appellant. RR 21. Mark White testified that there was no interpreter present when he did the intake of Appellant and when he reviewed the conditions of community supervision with Appellant. RR 21. Mark White stated he did not believe Appelant required an interpreter. RR 21. The State offered State's Exhibit 2, the Order Imposing Conditions of Community Supervision, and State's Exhibit 2 was admitted without objection. RR 22. Appellant signed State's Exhibit 2. RR 24. Mark White testified that Appellant understood the conditions of probation because he signed the Order Imposing Conditions of Community Supervision. RR 26. The Order Imposing Conditions of Community Supervision is written entirely in English. CR 28. On the day the intake was done on Appellant the

14

interpreter for the 100th Judicial District Community Supervision Department, Jacob Henderson, did not assist with the intake. RR 30. Mark White believed Appellant understood his conditions of probation because he would nod his head yes or say "okay." RR 35. Mark White agreed that most probationers, even non-native English speakers, could recite there vital statistic information typically taken during a probation intake interview. RR 39.

The State next called Carol Holcomb, Assistant Director of the 100th Judicial District Community Supervision and Corrections Department. RR 40. Carol Holcomb served as Appellant's indirect community supervision officer in Texas. RR 43. Carol Holcomb filed the violation report on Appellant. RR 44. Carol Holcomb alleged that he violated his probation by possessing cocaine and drug paraphernalia. RR 45. The State offered State's Exhibit 3, a certified copy of a Florida judgment. RR 49. State's Exhibit 3 was admitted. RR 51. Appellant pleaded nolo contender and

was sentenced to 120 day in jail on Count Two of State's Exhibit 3, possession of drug paraphernalia. RR 52. Carol Holcomb testified that she had no personal knowledge, only a report from Appellant's Florida probation officer that Appellant admitted to cocaine use. RR 54. Carol Holcomb testified that Appellant failed to report by mail for the month of November 2013. RR 55. Carol Holcomb stated that Appellant completed 67.5 of the 100 hours of community service he was supposed to complete by October 2013. RR 55.

The State and Appellant rested on the adjudication portion of the hearing. RR 61.

The State waived the first application paragraph in its motion to adjudicate that Appellant committed the offense of possession of a controlled substance. RR 61. The State waived both application paragraphs in its motion to adjudicate that Appellant consumed illegal controlled substances. RR 61.

The trial court found that Appellant violated the remaining application paragraph that Appellant violated

16

Condition 1 of his probation, that Appellant violated Condition 7 of his probation, and that Appellant violated Condition 10 of his probation; and fully and finally convicted Appellant. RR 62. The hearing next continued to the sentencing portion. RR 62.

Appellant called Rosanna Rivera Reyes, Appellant's daughter, as his first witness. RR 63. Rosanna Reyes testified that Appellant is the bread winner for the family. RR 64. Rosanna Reyes testified that her brother, Appellant's son, was murdered and that had a devastating effect on Appellant. RR 64. Appellant did not use controlled substances until the death of his son. RR 66. Appellant sought help for his problems. RR 66. Appellant serves as a father figure to Rosanna Reyes' son. RR 68.

Appellant next called Deeanna Rivera, Appellant's wife, as a witness. RR 72. Deeanna Rivera testified that the family relies on Appellant. RR 74. Appellant is active in the church. RR 74.

Appellant finally called Aris Rojas, Appellant's grandson. RR 84. Appellant has been a large part of his grandson's life. RR 86. Appellant is needed in their household. RR 87. Appellant is Aris Rojas' father figure. RR 89.

The trial court sentenced Appellant to 55 years in the institutional division of the Texas Department of Criminal Justice. RR 95.

Appellant appeals.

## SUMMARY OF ARGUMENT

The federal constitution requires that a defendant sufficiently understand the proceedings against him to be able to assist in his own defense. Furthermore, the Texas Code of Criminal Procedure provides that an interpreter be sworn for an accused in a criminal proceeding.

In the case at bar, the uncontroverted facts are that Appellant was determined to be in need of an interpreter for both the plea hearing and motion to adjudicate guilt hearing and that an interpreter was appointed and assisted Appellant. The uncontroverted facts also establish that Appellant was not afforded an interpreter for Appellant's intake interview with the 100th Judicial District Community Service and Corrections Department where the Order of Conditions of Community Supervision were reviewed with Appellant. Moreover, the Order of Conditions of Community Supervision were written entirely in the English language.

19

Appellant was denied his due process right to a fair trial guaranteed under the Fourteenth Amendment to the United States Constitution because Appellant was not provided an interpreter through every phase of Appellant's trial. Appellant was further denied his Sixth Amendment right under the United States Constitution to confront the witnesses against him when Appellant was not provided an interpreter through every phase of Appellant's trial.

**ARGUMENT**

POINT OF ERROR NUMBER ONE

APPELLANT WAS DENIED DUE PROCESS PROVIDED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE RIGHT TO CONFRONT HIS ACCUSERS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HE WAS NOT PROVIDED AN INTERPRETER TO REVIEW HIS CONDITIONS OF PROBATION DURING HIS INTAKE INTERVIEW WITH THE 100TH JUDICIAL DISTRICT COMMUNNITY SERVICE AND CORRECTIONS DEPARTMENT. (ENTIRE RECORD).

For purposes of brevity and convenience that portion of this brief entitled "Statement of the Case" and "Statement of the Facts" is resubmitted hereunder in its entirety in support of these points of error.

Appellate courts must apply an abuse of discretion standard in reviewing whether a trial court took adequate steps to ensure a defendant sufficiently understands the proceedings to assist in his own defense. *Linton v. State*, 275 S.W.3d 493, 502 (Tex. 2009). Article 38.30 of the Texas Code of Criminal Procedure requires that if a court determines that a person charged with a crime does not speak the English language, then an interpreter must be sworn to interpret for the person charged. TEX. CODE CRIM. PROC. ANN. art. 38.30 (West 2014). If a defendant cannot hear or does not speak English well enough to understand the trial proceedings or communicate with counsel, fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language. *Linton* at 500. The Sixth Amendment to the United States Constitution guarantees an accused the right to confront the witnesses against him which includes the right to understand the testimony and proceedings. *Garcia v. State*, 149 S.W.3d (Tex.

21

2004).  A trial court has continuing jurisdiction of a case which imposes conditions of probation and the probation revocation hearing is an extension of the original sentencing portion of the trial.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. 1993).  "Where the judgment or order of probation contain clerical errors, the defendant can challenge the particulars of the order at the probation revocation hearing."  *Id*.  Unlike the case at bar, this Honorable Court has previously noted that the providing of an interpreter to review the conditions of probation to a non-English speaking defendant cures possible error.  *Gonzalez v. State*, No. 07-12-00210-CR, 2013 WL 6044451 (Tex. App.—Amarillo 2013)(mem. op., not designated for publication).

In this case, the fact that Appellant was not given an interpreter during the review of his conditions of probation is uncontroverted.  The review of the conditions of probation is an extension of the sentencing by the trial court.  The importance of an understanding of the conditions of probation cannot be

understated and is arguably one of the most important steps of the process of a person being placed on probation. The appointment of an interpreter cannot be waived and the need for an interpreter was clearly recognized by the trial court as evidenced by the trial court's appointment of an interpreter for Appellant during Appellant's two hearings before the court. Appellant was denied due process and confrontation of his accusers when he was not afforded an interpreter to explain his conditions of probation. Had Appellant been provided an interpreter to explain his conditions of probation, Appellant would have fully understood what was expected of him; moreover, Appellant could have filed a motion for new trial or requested additional services if he knew he could not successfully complete and abide by the conditions imposed on him. Texas law required that Appellant be assisted by an interpreter during the review of his conditions of probation with the 100th Judicial District Community Service and Corrections Department, an

23

extension of the sentencing portion of the trial process, and no interpreter was present to assist Appellant.

Therefore, since Appellant was denied due process and the right to effectively confront his accusers, the trial court's judgment should be reversed and remanded.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant respectfully prays that the judgment of the trial court below be reversed and remanded to the trial court for a ruling consistent with this Honorable Court's determination.

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201

BY: /s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.,
ATTORNEY FOR APPELLANT

TELEPHONE NO.: 940-937-2543
FACSIMILE NO.: 940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.: 24027638

24

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Appellant's Brief is 3,275 words in its completion, signed on this the 18th day of May, 2015, in accordance with the rules governing same.

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Brief was delivered as indicated below on this the 18th day of May, 2015, to the following:

```
Mr. Luke Inman                    VIA E-SERVICE
800 West Avenue, Box 1
Wellington, Texas  79095
E-Mail: luke.inman@windstream.net

Mr. Jesus Rivera Davila           VIA U.S. MAIL
TDCJ #50108575
810 FM 2821
Huntsville, Texas  77349
```

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.