

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00344-CR

---

KELVIN JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-437,330, Honorable William R. Eichman II, Presiding

---

July 7, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Kelvin Johnson appeals the trial court's judgment revoking his community supervision. In two issues, Appellant contends that the trial court erred in admitting evidence and in overruling his due diligence defense. We affirm.

**BACKGROUND**

On September 19, 2013, Appellant entered a plea of guilty to possession of a controlled substance, namely cocaine, with intent to deliver.[1]  The offense occurred in a "drug-free zone."[2]  Appellant was sentenced to ten years' confinement, but the trial court probated the sentence for a period of ten years.  Beginning in November of 2013, the trial court ordered a number of modifications to the terms of Appellant's community supervision and the State filed several motions to revoke.  The State's final amended motion to revoke, which alleged multiple violations of the terms of Appellant's community supervision, was filed in May of 2022.

At the outset of the hearing on the State's revocation motion, Appellant moved to dismiss the motion on two grounds: that there had been an unnecessary delay and that the due diligence required under article 42A.756 of the Texas Code of Criminal Procedure had not occurred.  The trial court denied the motion.

Appellant then pleaded "not true" to all allegations.  The State called one witness at the hearing: Kim Little, the liaison between the probation office and the district courts, who testified as a custodian of records for the probation department.  Little, relying on the "chronologicals" prepared by supervising officers, testified about Appellant's failure to comply with the terms of his community supervision.[3]  Little acknowledged that she did not supervise Appellant and that her knowledge of his failure to comply was based on the

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b),(c).

[3] A "chronological," or "chrono," is a probation report reflecting pertinent events during a probationer's term of community supervision.

2

chronologicals.  Appellant's trial counsel lodged an objection to Little's testimony, which the trial court overruled, opining that she was qualified to testify as a custodian of records.

At the conclusion of the hearing, the trial court found that Appellant had violated some, but not all, of the alleged violations.  The trial court revoked Appellant's community supervision and sentenced him to ten years' imprisonment in the Texas Department of Criminal Justice.

## ANALYSIS

We review an order revoking community supervision under an abuse of discretion standard.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  In a revocation proceeding, the State must prove by a preponderance of the evidence that a defendant violated a condition of community supervision as alleged in the motion to revoke.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling.  *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

Testimony from Custodian of Records

In his first issue, Appellant argues that the trial court erred by permitting Little to testify when the State failed to properly lay the foundation for her testimony as a custodian of records.  Specifically, Appellant contends that Little did not testify that the individuals who made the entries on Appellant's chronos had personal knowledge of the events recorded.  The State responds that this issue was not properly preserved because

3

Appellant's grounds for objecting at trial did not comport with his argument on appeal. We agree with the State.

A timely, specific objection and ruling by the trial court, or refusal to rule, is generally required in order to preserve a complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (en banc). The party's complaint in the trial court must comport with its complaint on appeal. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (en banc). If an issue has not been preserved for appeal, nothing is presented for appellate review, and we should not address it. *Clark*, 365 S.W.3d at 339.

Here, the State's questions to Little sought to establish that the probation record constituted a record of regularly conducted activity. *See* TEX. R. EVID. 803(6) (providing under business records exception that records of an event are excepted from the hearsay rule if a custodian or other qualified witness testifies the records were made at or near the time of the event by a person with knowledge and kept in the course of a regularly conducted business activity). Appellant's questions during the voir dire examination were directed at who had access to the database, what company maintains the database, and Little's personal knowledge of Appellant's case. At the conclusion of the voir dire examination, Appellant's trial counsel objected that Little lacked personal knowledge of Appellant's case, that her testimony was hearsay, and that there were authentication and verification issues.

On appeal, Appellant argues that the State "failed to show that whoever made the entries in [Appellant's] record had personal knowledge of the events" and thus failed to lay the proper foundation for the business records exception under Rule 803(6). However, the argument on appeal that no proper predicate was laid does not comport with the objection at trial that Little herself lacked personal knowledge of the events recorded. Because the objection at trial does not comport with the argument on appeal, error, if any, is not preserved. *See Clark*, 365 S.W.3d at 339.

We conclude that Appellant's argument was not properly preserved. *See* TEX. R. APP. P. 33.1(a); *Clark*, 365 S.W.3d at 339. Accordingly, we overrule the first issue.

Due Diligence Defense

In his second issue, Appellant asserts that the trial court erred by overruling his due diligence defense when the probation officer conceded that no one attempted to contact Appellant in person when he failed to report. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.756 (establishing affirmative defense to revocation for alleged violation based on failure to report where no officer contacted or attempted to contact defendant in person). The due diligence defense applies only to revocations involving allegations of failure to report. But in this case, the trial court's ruling was based on additional violations other than Appellant's failure to report, including but not limited to failure to complete community service hours, failure to attend and complete Family Counseling Services, failure to abstain from alcohol and drugs, and failure to complete the Drug Offender Program. The due diligence defense was not applicable to every violation alleged in this case.

5

Proof of a single violation of the terms and conditions of community supervision is sufficient to support a trial court's decision to revoke probation. *See Busby v. State*, No. 07-20-00001-CR, 2021 Tex. App. LEXIS 1891, at *5 (Tex. App.—Amarillo March 11, 2021, pet. ref'd) (mem. op., not designated for publication) (citing *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980) (op. on reh'g)). Therefore, even if we assume without finding that the State did not exercise due diligence in locating Appellant, we cannot conclude that the trial court abused its discretion in revoking Appellant's community supervision because proof as to any one of the other alleged violations was sufficient to support the trial court's decision. We overrule Appellant's second issue.

## CONCLUSION

We find no abuse of discretion in the trial court's decision to revoke Appellant's probation. Accordingly, we affirm the decision of the trial court.

Judy C. Parker
Justice

Do not publish.