In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00056-CR
_____

**ELBERT JASON PIERCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-09-11437-CR**

**MEMORANDUM OPINION**

Elbert Jason Pierce argues that a misunderstanding of the facts deprived him of a fair hearing on the State's motion to adjudicate his guilt and revoke his community supervision, and thus deprived him of due process and due course of law. Tex. Const. art. I, § 19. According to Pierce, this misunderstanding caused the trial court to erroneously believe that he was on community supervision for assaulting his mother in September 2020, when he was in fact on community

supervision for assaulting his mother's domestic partner, a member of Pierce's household.[1] Tex. Penal Code Ann. § 22.01(b)(2)(A); Tex. Fam. Code Ann. § 71.005. When the State moved to revoke Pierce's community supervision, Pierce's May 2022 assault on his mother was one of the grounds alleged for revocation.

Finding no reversible error, we affirm the trial court's judgment revoking Pierce's community supervision and sentencing him to the statutory maximum: ten years in the Institutional Division of the Texas Department of Criminal Justice.

## I. Background

Pierce was charged with assaulting his mother's domestic partner in 2020.[2] Pierce pleaded "guilty" to that charge and was placed on deferred adjudication community supervision for four years. In 2022, the state alleged Pierce violated the terms of his community supervision by drinking alcohol, by failing to submit to several drug tests, and by assaulting his mother. He pleaded "true" to eight of the grounds for revocation but "not true" to the two grounds that referenced assaulting his mother. The State therefore moved to adjudicate Pierce's guilt and revoke his community supervision. Four witnesses testified at the revocation hearing; their testimony is summarized below.

---

[1] During cross-examination, however, Pierce testified that he was placed on probation for assaulting his mother.

[2] Information in the record suggests that at that time, Pierce also assaulted his mother, but that that charge was dismissed as part of a plea bargain.

**A. Testimony of Pierce's Mother**

Pierce's mother, "Madeline Knowles," testified that Pierce was angry and intoxicated when, early one morning in May 2022, he was "banging" on her bedroom door and demanding to use her cell phone.[3] Approximately two hours later, Pierce returned, seeking Knowles' help in taping a sheet over a window because he had destroyed the blinds. At that time, Pierce was "yelling and screaming and cussing, cussing, cussing." Pierce threw Knowles' cell phone, breaking it, and then pushed her into a bedroom door.

Knowles recalled a recent conversation that became heated when she told Pierce that he could not live with her after his release, because she "wouldn't go through this anymore[,]" and he responded by calling her a crude name. Knowles further testified that Pierce repeatedly tried to get her to recant her complaint that he had pushed her, but she refused to do so.

**B. Testimony of Elbert Jason Pierce**

In his testimony at the revocation hearing, Pierce expressed his surprise at his mother's testimony because, according to Pierce, she had planned to complete an

---

[3] We refer to Pierce's mother by a pseudonym to conceal her identity. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process[.]"). *See Smith v. State*, No. 09-17-00081-CR, 2018 WL 1321410, at *1 n.1 (Tex. App.—Beaumont Mar. 14, 2018, no pet.) (mem op., not designated for publication).

affidavit of non-prosecution. Pierce also denied having pushed her, and further sought to minimize the events of the night in question. Specifically, he denied kicking in his mother's bedroom door, but acknowledged that he did push it with his foot to open it. Pierce also admitted that he broke his mother's cell phone when he threw it against a beam, that he "put a few holes in a couple of walls[,]" and that he struck the coffee table against the floor.

In addition, Pierce testified that he was placed on community supervision for assaulting his mother, and that he pleaded "guilty" to that charge only because he thought he needed to do so to be eligible for deferred adjudication, which he characterized as baseless, stating that he was "on probation for really no reason."

Pierce also recounted his mental health history, recalling that many years earlier, he took medication for depression, but was no longer doing so at the time of the revocation hearing.

### C. Testimony of Susana Ochoa

Deputy Ochoa, of the Montgomery County sheriff's department, responded to the call for service at Knowles' residence in May 2022. When she arrived, she heard "loud banging" coming from inside the house. Upon entering, Ochoa saw Knowles sitting on the couch, a coffee table on its side, and holes in the walls. Knowles appeared frightened.

4

Ochoa separated Pierce from Knowles to speak to each of them privately, and eventually charged Pierce with assaulting his mother.

### D. Testimony of Destiny King

King, a court liaison officer, authenticated the documentation reflecting Pierce's interactions with the probation department. Those records showed that Pierce had not only used alcohol in violation of his probation but had failed to submit to multiple scheduled drug tests. Because of Pierce's failures to observe the conditions of his probation, his probation officer recommended that his probation be revoked.

## II. Standard of Review

We review the trial court's order revoking a defendant's placement on community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (citation omitted). The State satisfies its burden when the greater weight of credible evidence before the trial court creates a reasonable belief demonstrating it is more probable than not that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64; *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

## III. Analysis

Pierce did not make the objection at his revocation hearing that he now makes on appeal. Therefore, he may not raise his complaint on appeal unless he can show that no complaint was necessary to preserve error. Tex. R. App. P. 33.1(a)(1)(A). Although the record reflects that the trial court may have misunderstood the reason underlying Pierce's community supervision, no objection to such misunderstanding was made at the hearing. *See Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (negating the right to an error-free trial and explaining "[t]he rules that require a timely and specific objection, motion, or complaint do not apply to two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'"). At trial, not such objection was made. The Court of Criminal Appeals rejected the defendant's argument, raised for the first time on appeal, that this misunderstanding necessitated reversal. *Id*. at 896. We are persuaded by the rationale of *Aldrich* and likewise reject Pierce's analogous argument.

We overrule Pierce's sole appellate argument.

## IV. Conclusion

Finding no error, we therefore affirm the trial court's judgment sentencing Pierce to ten years in the Institutional Division of the Texas Department of Criminal Justice.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on December 8, 2023
Opinion Delivered February 21, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.