

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00120-CR

**KAYMON LEWIS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 39,061

## MEMORANDUM OPINION

Kaymon Lewis was convicted of Endangering a Child and sentenced to 10 years in prison. *See* TEX. PENAL CODE ANN. § 22.041 (West 2011). His sentence was suspended, and Lewis was placed on community supervision for 10 years. A year later, the trial court revoked Lewis's community supervision and sentenced Lewis to 10 years in prison. Because the trial court did not abuse its discretion in revoking Lewis's community supervision, the trial court's judgment is affirmed.

In one issue, Lewis asserts the trial court abused its discretion in revoking Lewis's

community supervision because Lewis could not afford to pay his fees, fines, and costs and because the imposition of a ten year sentence was "harsh."

We review a decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Further, the violation of a single condition of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision."). Thus, in order to prevail on appeal, an appellant must successfully challenge all the findings that support the revocation order. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

In its motion to revoke, the State alleged Lewis violated six conditions of community supervision. Lewis pled true to the first violation and not true to the remaining violations. After a hearing, the trial court found the first, second, and fifth violations to be true. On appeal, Lewis does not challenge the trial court's finding that the violation to which Lewis pled was true. Accordingly, because Lewis does not challenge that finding, the trial court did not abuse its discretion in revoking Lewis's community supervision.

Further, Lewis's complaint that the 10 year sentence imposed after revocation was "harsh," appears to be a disproportionate-sentence claim which must be preserved for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.

Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Lewis did not complain about the sentence imposed at the revocation hearing.[1] Accordingly, this complaint is not preserved for our review.

Lewis's issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed January 24, 2018
Do not publish
[CR25]



---

[1] We note that this sentence was agreed to by Lewis when he was initially adjudicated guilty and placed on community supervision.