# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00389-CR

---

**Karen Lee Wade, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-2209-K368, THE HONORABLE SARAH SOELDNER BRUCHMILLER, JUDGE PRESIDING

---

## O P I N I O N

Karen Lee Wade appeals a judgment adjudicating guilt following the revocation of her deferred adjudication probation. In her sole issue on appeal, she contends that the evidence was legally insufficient to establish that she is the same Karen Lee Wade that was placed on probation. Because the evidence in support of identity was legally sufficient, we affirm the trial court's judgment adjudicating guilt.

## BACKGROUND

In August 2019, Wade pleaded guilty to the first-degree felony of possession with intent to deliver more than four grams but less than 200 grams of methamphetamine. *See* Tex. Health & Safety Code § 481.112(a), (d). The trial court deferred adjudication of guilt and placed her on seven years' deferred adjudication probation pursuant to a plea agreement.

On July 5, 2022, the State filed a motion to adjudicate, alleging various probation violations. The specific violations are not at issue in this appeal. Rather, the sole issue is whether the State sufficiently proved that Appellant is the same person who was placed on deferred adjudication probation. On June 30, 2023, the trial court held an adjudication hearing. The State called three witnesses.

Kelly Garcia, who was a presentencing investigating officer for the trial court in 2019, testified that she had met with Wade three times prior to her sentencing in 2019 and that one of those times included conducting a presentence interview. Garcia then identified Wade in court. The State admitted documents of Wade's agreed to conditions of probation through Garcia, who had drafted them. Also admitted were a copy of the guilty plea documents and the order of deferred adjudication documents associated with Wade's underlying possession offense. Garcia testified that the documents were from Wade's case because they included her state identification number, signature, and fingerprint.

On cross-examination, Garcia admitted that she did not independently remember Wade from 2019 but, rather, her in-court identification had been based on Wade "being the defendant next to [defense counsel]." Defense counsel asked Garcia to clarify that she had "no independent recollection, but just the fact that [Wade is] sitting here in open court and is wearing a jumpsuit" was the source of her in-court identification, to which Garcia answered, "correct."

On redirect, Garcia stated that she had just remembered that prior to trial she looked at a database that included Wade's probation file and looked at her mugshot and that that helped to refresh her recollection of what Wade looked like. On recross, Garcia clarified that her testimony was that the person in court matched the photo in the probation file but that she did not have any independent memory of Wade from conducting the interview back in 2019.

Cathy Garza, a probation officer, testified that Wade was transferred from another county to her probation caseload in October 2019 and that Garza continued as her probation officer until April 2020. She testified that Wade reported to her monthly during that time, except for in November, and explained that they met in person for the first five months and then by phone for a couple more months. Garza also testified to how a probationer's information gets into their file. Specifically, she explained that directly after a defendant pleads guilty or is sentenced a data sheet is created, which includes their contact information and date of birth. She testified that the data sheet is included in the person's probation file. The data sheet for "Karen Wade" was then entered into evidence, which included a photo that Garza agreed was "an accurate picture of the defendant as [Garza knew] her." The data sheet also included Wade's state identification number matching the one on the order of deferred adjudication and probation documents. Garza also testified that based on her notes in the probation file that she was the one who took the photo of Wade in December 2019, although she did not have an independent recollection of Wade's appearance from that time. When asked by defense counsel if it was possible that the person sitting in the courtroom was a different Karen Wade than the person whom the probation file was for, Garza answered, "no."

Janie Serrato, a probation officer who took over Wade's probation case from Garza, testified regarding the alleged probation violations, including failure to report and failure to complete required programs. Serrato never met Wade.

Wade did not testify, but offered four exhibits that the trial court admitted, which defense counsel described as "several documents that [Wade] has brought herself from her prison trip and then from Dallas County. . . . They are not records that I have obtained, they're records that the defendant has." Included in the admitted exhibits were copies of a collection of

court, arrest, and probation related documents, including documents from the underlying possession case and resulting deferred adjudication probation. Wade's date of birth, state identification number, and Social Security number—which match those on the probation data sheet submitted by the State—were included throughout the documents submitted by Wade including an arrest record document from March 2023.

The trial court took judicial notice of the court's file in the case. The court's file included an Affidavit of Financial Condition signed by Wade in March 2023 that listed her date of birth and Social Security number, which were both consistent with the date of birth and Social Security number on all the other documents presented in this case from both the State and Wade. The State also offered, and the trial court admitted, a recent judgment adjudicating guilt from a nearby county where she was sentenced to 24 months in TDCJ to be considered in sentencing if probation were revoked.

After hearing all the evidence, the trial court adjudicated guilt and sentenced Wade to ten years' imprisonment. Tex. Penal Code § 12.32(a) (setting punishment range for first-degree felony at five to ninety-nine years or life imprisonment).

**DISCUSSION**

We review issues in probation revocation cases, including sufficiency issues, for whether the trial court abused its discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In the probation revocation context, a trial court abuses its discretion if it revokes probation when the State has failed to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). In a probation revocation hearing the State's burden of proof is preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.

4

Crim. App. 1993). The State must meet its burden in proving both the identity of the defendant as the probationer and that she violated the terms of the probation order. *Id.* A fact is proven by a preponderance of the evidence if the greater weight of the credible evidence creates a reasonable belief that it is true. *See Hacker*, 389 S.W.3d at 865. The trial court at a probation revocation hearing "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.*

Here, Wade contends that the State did not introduce any evidence that identified her as the same person who was placed on probation. Wade correctly points out that the trial judge that heard Wade's guilty plea is not the same judge that heard the State's motion to adjudicate guilt, that none of the witnesses testified that they independently identified Wade as the same person who pleaded guilty, and that no expert testimony regarding fingerprints was presented.

However, other credible evidence was presented. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) ("There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document."). The trial court admitted Wade's guilty plea, probation file, and recent arrest records, which all contained matching identifiers including her full name, her date of birth, her Social Security number, and her state identification number. Additionally, Garza testified that the data sheet that is kept in the probation file is created directly after a person pleads guilty and includes their contact information and date of birth. Further, the probation data sheet that was admitted into evidence included a photo of Wade that her former probation officer, Garza, testified she took at the second probation check-in that she had with Wade in December 2019. Garza also responded, "no" when asked if it was possible that Wade was not the same person

5

that was on probation. Additionally, the documents that were offered by Wade and admitted also contained the same identifying information as the State's exhibits, including the same cause number, name, date of birth, and state identification number.

Based on the evidence of identity presented at the adjudication hearing, we conclude that the trial court did not abuse its discretion by determining that the State met its burden of proof when the greater weight of the credible evidence created a reasonable belief that Wade was the person placed on deferred adjudication probation in 2019 for the underlying offense. *See Hacker*, 389 S.W.3d at 865 (explaining standard for determining if State established identity by preponderance of evidence and explaining that standard of review is abuse of discretion when reviewing legal sufficiency of probation revocation); *see also Montiel v. State*, No. 03-19-00405-CR, 2021 WL 2021142, at *8 (Tex. App.—Austin May 21, 2021, no pet.) (mem. op., not designated for publication) (explaining that "[l]inks to the defendant can be shown through different means, including allowing the jury to compare photographs with the appearance of the defendant at trial or compare identifying information such as names, sexes, heights, eye colors, and dates of birth") (citing *Williams v. State*, 946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.)). Thus, we overrule Wade's sole issue.

## CONCLUSION

Because we overrule Wade's sole issue, we affirm the trial court's judgment adjudicating guilt.

_____

Gisela D. Triana, Justice

6

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed:   April 19, 2024